(C. D. 1241)

M. M. SCHER & SONS, INC. v. UNITED ·STATES

United States Customs Court, Third Division

(Decided May 9, 1950)

*Tompkins & Tompkins (Allerton deC. Tompkins* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: This protest is directed against a claimed "exaction" in the sum of $30 demanded by the collector of customs at Baltimore, Md., and paid by the plaintiff on two consumption entries of imported merchandise. Said sum does not represent duties levied against imported merchandise, but is the sum arrived at by the Secretary of the Treasury in mitigation of the penalty fixed by law under the provisions of section 592 of the Tariff Act of 1930 (19 U. S. C. § 1592). The facts as they appear from the record are that the two importations involved were entered at the values set forth on the invoices. Subsequently, voluntary amendments were made to the entered values by the importer, the plaintiff herein, in which the values were increased to meet increased export values. Due to what the collector considered false statements on the invoices, the collector assessed penalties of $1,494 in the case of entry 776 and of $3,289 as to entry 718. From the assessment of these penalties the importer, on March 26, 1946, filed with the Commissioner of Customs a petition for remission under the provisions of section 618 of said tariff act (19 U. S. C. § 1618). This petition was acted upon on June 24, 1946, and the penalty in respect to each entry was mitigated to $15, making a total of $30, the sum here involved.

Petitioner thereafter filed further petitions, and finally, on October 18, 1946, the Commissioner of Customs notified the importer that

unless the mitigated penalties were paid within 30 days the case would be referred to the United States attorney for the institution of proceedings looking to the collection of the entire forfeiture value of the importations.

On October 29, 1946, the importer filed protest under the alleged authority of section 514 of said tariff act (19 U. S. C. § 1514) in which it claims that the demand for the payment of the $30 is an exaction over which this court has jurisdiction under said section.

The provisions of the statute involved are as follows:

SEC. 592.  SAME—PENALTY AGAINST GOODS.

If any consignor, seller, owner, importer, consignee, agent, or other person or persons enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or makes any false statement in any declaration under the provisions of section 485 of this Act (relating to declaration on entry) without reasonable cause to believe the truth of such statement, or aids or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, or is guilty of any willful act or omission by means whereof the United States is or may be deprived of the lawful duties or any portion thereof accruing upon the merchandise or any portion thereof, embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission, such merchandise, or the value thereof, to be recovered from such person or persons, shall be subject to forfeiture, which forfeiture shall only apply to the whole of the merchandise or the value thereof in the case or package containing the particular article or articles of merchandise to which such fraud or false paper or statement relates. The arrival within the territorial limits of the United States of any merchandise consigned for sale and remaining the property of the shipper or consignor, and the acceptance of a false or fraudulent invoice thereof by the consignee or the agent of the consignor, or the existence of any other facts constituting an attemped fraud, shall be deemed, for the purposes of this section, to be an attempt to enter such merchandise notwithstanding no actual entry has been made or offered.

SEC. 618.  REMISSION OR MITIGATION OF PENALTIES.

Whenever any person interested in any vessel, vehicle, merchandise, or baggage seized under the provisions of this Act, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury if under the customs laws, and with the Secretary of Commerce if under the navigation laws, before the sale of such vessel, vehicle, merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, or the Secretary of Commerce, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto.  In order to enable him to ascertain the facts, the Secretary of the Treasury may issue a commission to any customs agent, collector, judge of the United States Customs Court, or

United States commissioner, to take testimony upon such petition: *Provided*, That nothing in this section shall be construed to deprive any person of an award of compensation made before the filing of such petition.

SEC. 514.   PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly  and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto.   The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Counsel for the Government has moved to dismiss the case upon two grounds:   (1) That the court is without jurisdiction to review the acts of the Secretary of the Treasury under said section 618; and (2) that the protest was filed more than 60 days after the act complained of was committed and was therefore untimely under section 514, *supra*.

Before proceeding to the merits of the controversy we will take under advisement the motion to dismiss.

On the question of the jurisdiction of this court over penalties involved in forfeiture proceedings, the case of *Sheldon & Co.* v. *United States*, 8 Ct. Cust. Appls. 215, T. D. 37455, held that neither the Board of United States General Appraisers (later the United States Customs Court) nor the Court of Customs Appeals has jurisdiction over forefeitures or suits in forfeiture.   That case arose under the Tariff Act of 1913.   Paragraph N of section III thereof provided that protest might be filed against "all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage)   *   *   *."   There, certain diamonds were brought into the United States by mail.   The collector of customs denied entry thereof and seized the merchandise.   The Secretary of the Treasury, upon recommendation of the United States district attorney, authorized the collector to release the diamonds upon the payment of a sum

of money equal to the duty, plus 20 per centum. The court, in concluding its findings, held:

First. That the amount paid by the importers was a penalty the payment of which was exacted by the collector as a "fine" for what he conceived to be a violation of the customs laws, and exacted as a condition not for the delivery of goods subject to duties, but as a condition for the release of seized goods threatened with forfeiture. Possibly it was not within the power of the collector to impose a fine, but whether it was or not the fact remains that the moneys required of the importers under color of official authority were not duties in fact and were neither demanded nor paid as duties. The importers, therefore, did not have 30 days within which to protest the payment made.

Second. That if the amount paid be regarded as a customs fee, charge, or exaction, the protest came too late because it was presented more than 15 days after payment was made.

Third. That if the payment be regarded as made by way of compromise or settlement of forfeiture proceedings, threatened or commenced, the Board of General Appraisers and this court are without jurisdiction of the subject matter and therefore can grant no relief.

See also *C. J. Fendrick* v. *United States*, 71 Treas. Dec. 829, T. D. 48986.

It is contended on behalf of the plaintiff herein that the Tariff Act of 1930 broadens the provisions of section 514 in that the words "(within the jurisdiction of the Secretary of the Treasury)" have been added following the words "exactions of whatever character," and that, therefore, this court has been given additional power to pass upon exactions. This contention cannot be sustained. It is clear that the additional words are terms of limitation rather than extension.

Even were this court to hold that it possessed jurisdiction over the question presented here, the protest must be dismissed for the reason that it was not filed within the statutory time. (Section 514, *supra*.) The within protest was filed October 29, 1946, more than 120 days after the action or decision or exaction complained of. The statutory time limitation is fixed in section 514, *supra*, as 60 days after the date of the collector's letter announcing the decision. Plaintiff's contention that its subsequent petitions suspended the liability of $30 is without merit. Its original petition was acted upon under date of June 24, 1946, and the penalty mitigated, as set forth above. We know of no authority, nor has plaintiff cited any such in its brief, which would permit a continuation of such petitions for an indefinite time thus extending petitioner's right of protest, if any such existed.

We find that this court is without jurisdiction to entertain this protest, and further, that even were that not so, the protest was untimely filed.

Judgment will, therefore, be entered dismissing the protest.