(C.R.D. 79–10)

MITSUBISHI INTERNATIONAL CORPORATION *v.* UNITED STATES

(Dated April 18, 1979)

*Bogle & Gates* (*David M. Salentine* and *Thomas J. McKey* of counsel) for the plaintiff.

*Barbara Allen Babcock*, Assistant Attorney General (*Sidney N. Weiss* and *Madeline B. Cohen*, trial attorneys), for the defendant.

WATSON, Judge: This is written to explain the dismissal of this action for lack of jurisdiction in *Mitsubishi International Corporation* v. *United States*, 81 Cust. Ct. 86, C.D. 4771 (1978).

This action originated in a protest made against a notification by the district director at Anchorage, Alaska, that he was mitigating a previous demand for penalties to a lower amount. Defendant moved to dismiss the action on the ground that decisions relating to the imposition of a penalty are not within the subject matter jurisdiction of this court. The court denied the motion, holding that a decision to impose a penalty was a decision as to an exaction within the meaning of 19 U.S.C. 1514(a) (3), was protestable, and ultimately could be challenged in the Customs Court. *Mitsubishi International Corporation* v. *United States*, 81 Cust. Ct. 145, C.R.D. 78–9, 454 F. Supp. 458 (1978).

Thereafter, upon defendant's motion for rehearing and reconsideration, the court dismissed the action. This was done without an opinion, the lack of which the court now views as a regrettable source of uncertainty as to the grounds for dismissal.

In this case the court considered the decision of the district director to exact a lower penalty as the final decision of the appropriate customs officer as to an exaction within the jurisdiction of the Secretary of the Treasury as described in 19 U.S.C. 1514(a). The final decision in such a matter is the decision which the importer does not seek to modify, or cannot modify, by means of petition procedures allowed under regulations issued by the Secretary of the Treasury. If, in fact, the decision follows a petition procedure instituted by the importer it is subject to protest, not for error in the mitigation or remission process, but rather for error in the exaction of a penalty in terms of 19 U.S.C. 1592.

Here, the protest was made following a decision to lower the penalty. Originally, the court thought that the district director's refusal to treat the protest as a protest and his characterization of it, in his letter of January 17, 1977, as a "supplemental petition" for review* constituted a rejection or denial of the protest. But upon reconsidera-

---

*Pursuant to 19 CFR 171.33.

tion it became clear that, semantics aside, the plaintiff's objections did subsequently receive administrative review. Accordingly, although the district director could not transform the importer's protest into a petition by administrative fiat he did not deny the protest by electing to consider its contents under another name. It follows that the protest was ultimately denied on June 22, 1978, when the "supplemental petition" was denied.

Since plaintiff brought this action prior to the actual denial of its administrative protest, the action was prematurely commenced in this court. See, 28 U.S.C. 1582(c) and 28 U.S.C. 2631(a). For the above reasons the action was dismissed.