UNITED STATES, PLAINTIFF *v.* DIGITAL EQUIPMENT CORP., DEFENDANT

Court No. 81-5-00610 (Joined Issue Calendar)

(Dated January 29, 1982)

RICHARDSON, *Judge:* In this action instituted by plaintiff pursuant to 19 U.S.C.A., section 1592, to recover civil monetary penalties from defendant, defendant has moved for partial summary judgment.

According to the pleadings the action covers some 307 consumption entries of various computer parts which the defendant-importer represents to be the growth, production, and manufacture of the United States. The plaintiff-United States avers that these parts are not in fact of *American* origin as represented, and has sued to recover penalties (multiples of the lawful duties of which plaintiff has allegedly been deprived) incurred by defendant by reason of its allegedly false and material representations as to the origin of the imported parts.

The motion before the court involves 247 of these entries. In the moving papers defendant asserts that notations on the invoices accompanying the 247 entries indicate that customs service inspectors examined the merchandise and found that it was of *American* origin, and that defendant was unaware of anything to the contrary. In its opposition papers plaintiff asserts that the inspectors' notations do not cover all of the 247 entries, that defendant has acknowledged that some of the parts are of *foreign* origin, and that the presence of such triable factual issues in the case precludes the granting of partial summary judgment which defendant seeks, citing *Adickes* v. *S H. Kress & Co.,* 398 U.S. 144 (1970).

Viewing the affidavits of record in the light most favorable to the party responding to the motion for partial summary judgment in accordance with the principle in *Adickes,* the court finds that even if factual issues as to the origin of the merchandise remain to be resolved in the case as urged by plaintiff, a dismissal judgment must, nevertheless, be awarded to defendant.

Plaintiff has mistaken its remedy in this court for false and material[1] representations as to the origin of the disputed merchandise. In the pleadings plaintiff has alleged, and defendant has admitted, that the computer parts covered by the 307 entries were all imported and entered between April 24, 1974 and December 27, 1976. In the light of these operative facts plaintiff has established that it has no cause of action cognizable in this court to recover an *in personam* judgment of monetary penalties against defendant under section 1592.

In 1978 Congress overhauled section 1592 under the Customs Procedural Reform and Simplification Act of 1978, Pub. L. No. 45–910, 92 Stat. 888, and made extensive changes in its provisions, not the least of which was the substitution of an *in personam* penalty (monetary liability of the importer) for the more onerous *in rem* penalty (forfeiture of the merchandise) then existing under the statute. S. Rept. No. 95–778, May 2, 1978 [To Accompany H.R. 8149], p. 19, reprinted in 3 U.S. Cong. & Adm. News '78, p. 2230. Consequently, if the consumption entries covered by this action were in fact accompanied by false and material statements as to the origin of the imported computer parts as contended for by the Government, then the Government's only recourse against these importations under section 1592, given the acknowledged period of the importations, would have been a proceeding to effect a forfeiture of the offending merchandise or recovery of its forfeiture value (full domestic value of the merchandise) upon the making of a seasonable forfeiture claim. See 19 CFR, sections 162.31, 162.41.

This court does not have jurisdiction over *in rem* penalty issues arising under the former section 1592. See: *Sheldon & Co. et al.* v. *United States*, 8 Ct. Cust. Appls. 215, 218, T.D. 37455 (1917), and *M. M. Scher & Sons, Inc.* v. *United States*, 24 Cust. Ct. 243, C.D. 1241 (1950). The resolution of such issues traditionally reposed in the district courts. See *United States* v. *R. I. T. A. Organics, Inc.* 487 F. Supp. 75 (N. D. Illinois, 1980). And, although Congress gave this court exclusive jurisdiction over *in personam* penalty issues arising under section 1592 in the Customs Courts Act of 1980, effective November 1, 1980, 28 U.S.C.A., section 1582(1),[1] the importations at bar plainly antedate the effective date of this jurisdictional grant and, therefore, would be governed by the *in rem* provisions of former section 1592. *United States* v. *R. I. T. A. Organics, Inc., supra*, p. 76, footnote 2.

Since the court lacks jurisdiction over these *in rem* penalty issues, it follows that this action must be dismissed. Accordingly, this action is dismissed. [Order follows.]

---

[1] Although defendant admits in its answer that the court has jurisdiction pursuant to section 1582, such an admission is not binding on the court inasmuch as jurisdiction of an action cannot be conferred upon a court by admissions of the parties. *U. Fujita & Co. et al.* v. *United States*, 26 CCPA 63, 69, T.D. 49611 (1938).

ORDER

(Dated January 29, 1982)

RICHARDSON, *Judge:* Upon reading and consideration of defendant's motion for partial summary judgment, plaintiff's opposition thereto, and all other papers and proceedings, it is hereby

ORDERED that defendant's motion for partial summary judgment be, and the same hereby is, denied, and it is

ADJUDGED that the action herein be, and the same hereby is, dismissed for lack of jurisdiction.