# ONE LOT EMERALD CUT STONES AND ONE RING *v.* UNITED STATES

No. 72–376. Decided December 11, 1972

Per Curiam.

On June 5, 1969, Francisco Farkac Klementova entered the United States without declaring to United States Customs one lot of emerald cut stones and one ring. Klementova was indicted, tried, and acquitted of charges of violating 18 U. S. C. § 545[1] by willfully and know-

---

[1] "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

"Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

"Shall be fined not more than $10,000 or imprisoned not more than five years, or both.

"Proof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section.

"Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person de-

ingly, with intent to defraud the United States, smuggling the articles into the United States without submitting to the required customs procedures. Following the acquittal, the Government instituted a forfeiture action in the United States District Court, Southern District of Florida, under 18 U. S. C. § 545 and § 497 of the Tariff Act of 1930, 46 Stat. 728, 19 U. S. C. § 1497.[2] Klementova intervened in the proceeding and argued that his acquittal of charges of violating 18 U. S. C. § 545 barred the forfeiture. The District Court held that the forfeiture was barred by collateral estoppel and the Fifth Amendment. The United States Court of Appeals for the Fifth Circuit reversed, holding that a forfeiture action pursuant to 19 U. S. C. § 1497 was not barred by an acquittal of charges of violating 18 U. S. C. § 545. We grant certiorari, affirm, and thereby resolve a conflict among the circuits as to whether a forfeiture is barred in these circumstances.[3]

---

scribed in the first or second paragraph of this section, shall be forfeited to the United States.

"The term 'United States,' as used in this section, shall not include the Philippine Islands, Virgin Islands, American Samoa, Wake Island, Midway Islands, Kingman Reef, Johnston Island, or Guam."

[2] Title 19 U. S. C. § 1497 provides:

"Any article not included in the declaration and entry as made, and, before examination of the baggage was begun, not mentioned in writing by such person, if written declaration and entry was required, or orally if written declaration and entry was not required, shall be subject to forfeiture and such person shall be liable to a penalty equal to the value of such article."

[3] In *United States* v. *Two Hundred and One Fifty-Pound Bags of Furazolidone,* No. 71–1329 (1971), cert. denied, 405 U. S. 964 (1972), the Court of Appeals for the Eighth Circuit affirmed a summary judgment on the basis of a previous acquittal of charges of violating § 545 in favor of the owner of property in a forfeiture action commenced by the Government under 18 U. S. C. § 545 and 19 U. S. C. § 1460. The Court of Appeals for the First Circuit agrees with the view of the Fifth Circuit in the present case. See

Collateral estoppel would bar a forfeiture under § 1497 if, in the earlier criminal proceeding, the elements of a § 1497 forfeiture had been resolved against the Government. *Ashe* v. *Swenson,* 397 U. S. 436, 443 (1970). But in this case acquittal on the criminal charge did not necessarily resolve the issues in the forfeiture action. For the Government to secure a conviction under § 545, it must prove the physical act of unlawful importation as well as a knowing and willful intent to defraud the United States. An acquittal on the criminal charge may have involved a finding that the physical act was not done with the requisite intent. Indeed, the court that tried the criminal charge specifically found that the Government had failed to establish intent.[4] To succeed in a forfeiture action under § 1497, on the other hand, the Government need only prove that the property was brought into the United States without the required declaration; the Government bears no burden with respect to intent. Thus, the criminal acquittal may not be regarded as a determination that the property was not unlawfully brought into the United States, and the for-

---

*Leiser* v. *United States,* 234 F. 2d 648, cert. denied, 352 U. S. 893 (1956).

We need not, and do not, decide whether an acquittal under § 545 bars a forfeiture under § 545.

[4] The judge at the criminal trial specifically stated:

"He is, obviously, a sophisticated dealer in emeralds and other jewelry.

"I don't condone nor do I approve, for one minute, what he did in this instance. I think he knew that that jewelry—that that ring and those emeralds should have been declared.

"He made a declaration of some cigarettes and some whiskey, several other little odd, meager items there, but I'm not persuaded beyond a reasonable doubt that he did what he did with the intent to defraud the United States."

feiture proceeding will not involve an issue previously litigated and finally determined between these parties.[5]

Moreover, the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel. The acquittal of the criminal charges may have only represented " 'an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' " *Helvering* v. *Mitchell*, 303 U. S. 391, 397 (1938). As to the issues raised, it does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings. See *Murphy* v. *United States,* 272 U. S. 630 (1926); *Stone* v. *United States,* 167 U. S. 178 (1897).

If for no other reason, the forfeiture is not barred by the Double Jeopardy Clause of the Fifth Amendment because it involves neither two criminal trials nor two criminal punishments. "Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely

---

[5] The difference in the issues involved in the criminal proceeding, on the one hand, and the forfeiture action, on the other, serves to distinguish *Coffey* v. *United States,* 116 U. S. 436 (1886), relied upon by the District Court in the present case. *Coffey* involved a forfeiture action commenced after an acquittal. This Court noted, in holding the forfeiture barred, that "[t]he information [for forfeiture] is founded on §§ 3257, 3450 and 3453; and there is no question, on the averments in the answer, that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts and intents averred in the information in this suit." *Id.,* at 442. The Court specifically distinguished the situation where "a certain intent must be proved to support the indictment, which need not be proved to support the civil action." *Id.,* at 443. See also *Stone* v. *United States,* 167 U. S. 178 (1897).

punishing twice, or attempting a second time to punish criminally, for the same offense." *Helvering* v. *Mitchell, supra,* at 399. See also *United States ex rel. Marcus* v. *Hess,* 317 U. S. 537 (1943).[6] Forfeiture under § 1497 is a civil sanction. The provision was originally enacted as § 497 of the Tariff Act of 1922, 42 Stat. 964. The Tariff Act of 1930 re-enacted the forfeiture remedy, 46 Stat. 728, and added § 593, 46 Stat. 751, which became 18 U. S. C. § 545. The forfeiture provision fell within Title IV of the Act, which contained the "Administrative Provisions." Part III of that title, of which § 1497 was a part, dealt with "Ascertainment, Collection, and Recovery of Duties." Section 545, on the other hand, was part of the "Enforcement Provisions" and became part of the Criminal Code of the United States. The fact that the sanctions were separate and distinct and were contained in different parts of the statutory scheme is relevant in determining the character of the forfeiture. Congress could and did order both civil and criminal sanctions, clearly distinguishing them. There is no

---

[6] The District Court relied upon the following language in *United States* v. *U. S. Coin & Currency,* 401 U. S. 715, 718 (1971):

"But as *Boyd* v. *United States,* 116 U. S. 616, 634 (1886), makes clear, 'proceedings instituted for the purpose of declaring the forfeiture of a man's property *by reason of offences committed by him,* though they may be civil in form, are in their nature criminal' for Fifth Amendment purposes." (Emphasis in *United States* v. *U. S. Coin & Currency.*)

Section 1497 does not result in a forfeiture by reason of the commission of a criminal offense. A forfeiture results from the act of importation without following customs procedures; no criminal offense, much less a criminal conviction, is required. Cf. *id.,* at 718–722.

*One 1958 Plymouth Sedan* v. *Pennsylvania,* 380 U. S. 693 (1965), is likewise inapposite for it dealt with a forfeiture that could not be had without a "determination that the criminal law has been violated." *Id.,* at 701.

reason for frustrating that design. See *Helvering* v. *Mitchell, supra,* at 404.

The § 1497 forfeiture is intended to aid in the enforcement of tariff regulations. It prevents forbidden merchandise from circulating in the United States, and, by its monetary penalty, it provides a reasonable form of liquidated damages for violation of the inspection provisions and serves to reimburse the Government for investigation and enforcement expenses. In other contexts we have recognized that such purposes characterize remedial rather than punitive sanctions. See *id.,* at 401; *United States ex rel. Marcus* v. *Hess, supra,* at 549–550; *Rex Trailer Co.* v. *United States,* 350 U. S. 148, 151–154 (1956). Moreover, it cannot be said that the measure of recovery fixed by Congress in § 1497 is so unreasonable or excessive that it transforms what was clearly intended as a civil remedy into a criminal penalty. *Rex Trailer Co.* v. *United States, supra,* at 154. See *Murphy* v. *United States, supra; United States ex rel. Marcus* v. *Hess, supra.*

> "Forfeiture of goods or their value and the payment of fixed or variable sums of money are other sanctions which have been recognized as enforcible by civil proceedings . . . . In spite of their comparative severity, such sanctions have been upheld against the contention that they are essentially criminal and subject to the procedural rules governing criminal prosecutions." *Helvering* v. *Mitchell, supra,* at 400.

The question of whether a given sanction is civil or criminal is one of statutory construction. *Id.,* at 399. It appears that the § 1497 forfeiture is civil and remedial, and, as a result, its imposition is not barred by an acquittal of charges of violating § 545.

*Affirmed.*