NORTHERN VIRGINIA WOMEN'S MEDICAL CENTER; Thomas H. Gresinger, M.D.; Jane Doe; Sharon McCann; William Longstreth; Christine Diermeier, Appellees,

v.

Thomas BALCH; Diane Bodner; David H. Gaetano; Brigid Kenney; Mary Ann Kreitzer; Kathy McDonald; Florence Smith; Mary Kay Stine; Leszek Syski; Karen Ann Torres; Joan Vayl, Appellants,

and

Robert F. Horan, Jr., Individually and in his official capacity; Honorable Lewis Hall Griffith, Judge; Honorable A. Mason Grove, Judge; Colonel Richard King, Chief of Police, Fairfax County Police Department, Defendants.

NORTHERN VIRGINIA WOMEN'S MEDICAL CENTER; Thomas H. Gresinger, M.D.; Jane Doe; Sharon McCann; William Longstreth; Christine Diermeier, Appellants,

v.

Robert F. HORAN, Jr., Individually and in his official capacity; Honorable Lewis Hall Griffith, Judge; Honorable A. Mason Grove, Judge, Appellees,

and

Thomas Balch; Diane Bodner; David J. Gaetano; Brigid Kenney; Mary Ann Kreitzer; Leszek Syski; Karen Ann Torres; Joan Vayl, Defendants.

NORTHERN VIRGINIA WOMEN'S MEDICAL CENTER; Thomas H. Gresinger, M.D.; Jane Doe; Sharon McCann; William Longstreth; Christine Diermeier, Appellees,

v.

Diane BODNER, David J. Gaetano, Jeanne Miller, Mary Elizabeth McKernan, Appellants,

and

Robert F. Horan, Jr., Individually and in his official capacity; Honorable Lewis

Hall Griffith, Judge; Honorable A. Mason Grove, Judge; Colonel Richard King, Chief of Police, Fairfax County Police Department; Thomas Balch; Diane Bodner; David J. Gaetano; Brigid Kenney; Mary Ann Kreitzer; Kathy McDonald; Florence Smith; Mary Kay Stine; Leszek Syski; Karen Ann Torres; Joan Vayl, Defendants.

Nos. 78–1673, 78–1674 and 79–1161.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 7, 1979.

Decided March 14, 1980.

Victor M. Glasberg, Alexandria, Va. (Philip J. Hirschkop, Hirschkop & Grad, P. C., Alexandria, Va., on brief), for Northern Virginia Women's Medical Center, et al.

Steve Merrill, Com. Atty. for Fairfax County, Fairfax, Va., for Robert F. Horan, Jr., et al.

James E. Moore, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., and Valentine W. Southall, Jr., Asst. Atty. Gen., Richmond, Va., on brief), for Grove and Griffin.

John J. Brandt, Arlington, Va., for Balch, et al.

Judith Levin, New York City (Janet Benshoof, New York City, Ellen Leitzer, American Civil Liberties Union Foundation, Albuquerque, N. M., Steven W. Bricker, American Civil Liberties Union of Virginia, Richmond, Va., on brief), for Northern Virginia Women's Medical Center, et al.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

These appeals are taken from orders of the district court in an action brought by the Northern Virginia Women's Medical Center, several members of its staff, and a patient against the commonwealth attorney, the chief of police, two judges of Fairfax County, Virginia (officials), and Thomas Balch and others (citizens). The complaint sought declaratory and injunctive relief establishing the right of the Center, its staff, and patients to perform and obtain legal abortions without interference from trespasses committed by the citizens in complicity with the officials. Jurisdiction was predicated on 42 U.S.C. § 1983 and § 1985(3), supplementary jurisdictional sections of Title 28 U.S.C., and pendent jurisdiction based on Virginia law.

The citizens filed a counterclaim in which they sought a declaration that all laws allowing abortion are unconstitutional, an injunction against the Center restraining it from performing abortions, the recovery of

compensatory damages for the life of each unborn child aborted at the Center, additional damages for each counterclaimant, and punitive damages. The counterclaim invoked the same federal jurisdictional statutes to which the complaint made reference and pendent jurisdiction.

The district court dismissed the officials, dismissed the counterclaim, and enjoined the citizens from trespassing on the property of the Center or interfering with its operations. Subsequently, after some of the citizens violated this injunction, the district court cited them for contempt, imposing fines and a short period of probation. The Center assigns error to the dismissal of the commonwealth attorney and the judges, but it has withdrawn its appeal from the order dismissing the chief of police. The citizens assign error to the injunction, the convictions for contempt, and the dismissal of their counterclaim. Finding no error in any of these assignments, we affirm.

## I

The parties have agreed on a statement of facts for the purpose of appeal in lieu of a transcript of the two-day trial. As reflected by this statement, the uncontradicted evidence discloses that the Center is licensed by Virginia to perform abortions as an out-patient hospital and that it provides, among other services, first trimester abortions. The citizens believe abortion is killing and that in preventing abortions they save lives. They agreed among themselves to prevent women from having abortions and to prevent the Center from providing abortions. The statement of facts stipulated that "pursuant to their agreement, they embarked upon a series of actions involving entering upon the clinic's premises, blocking doors to procedure rooms and blocking access to the Center."

Three times in 1977 and twice in 1978 various members of the citizens group trespassed at the Center to prevent abortions. On each occasion some of them refused to leave the premises at the request of the police. They barred admission to one of the plaintiffs, a patient, who sought to keep an appointment for an abortion. Only the intervention of the police enabled her to enter the Center.

A deposition of a police officer, to which reference is made in the statement of facts, described one of the incidents. His testimony disclosed that some of the citizens locked arms in front of the Center's exterior door to bar ingress. Others entered the building screaming while they tried to gain entrance to a locked room. One man attempted to force his way past the officer into the room. Realizing that he alone could not cope with the situation, the officer summoned more police. The citizens, however, refused to heed the officer's request to leave, and the police had to remove them from the premises.

On every occasion the citizens were arrested. The criminal charges, however, were either nol prossed or dismissed. One of the county judges acquitted the citizens on the ground that they believed their trespasses were necessary to save lives. The other judge ruled that Va.Code Ann. § 18.-2–72, which permits first trimester abortions, was unconstitutional.

## II

■ Initially the Center sought damages against both the officials and the citizens. The district court granted the judges' motion to dismiss for failure of the complaint to state a claim against them. We find no error in this ruling.

The judges were entitled to immunity from damages.[1] *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Center argues on appeal that the judges should not have been dismissed because it is entitled to a declaration that their judgments were erroneous, particularly with respect to the constitutionality of the Virginia abortion statute. This relief,

1. After the judges were dismissed, the Center withdrew its claim for damages against the other defendants.

however, was not warranted. The judgments of acquittal entered by the county judges in the prosecutions of the citizens were final. The guarantee of the double jeopardy clause barred retrial. A declaration on the invalidity of these judgments would have been nothing more than a gratuitous comment without any force or effect. In short, there was no case or controversy between the Center and the judges. Under these circumstances, the district court properly declined to review the judgments of the county court. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969).

### III

■ The parties stipulated at the trial that the commonwealth attorney unsuccessfully prosecuted 20 citizens for trespassing at the Center. After the county court ruled that the Virginia abortion statute was unconstitutional, the commonwealth attorney adopted the policy and publicly stated that he would not prosecute any anti-abortion trespassers. The stipulation absolves the commonwealth attorney from having agreed with any of the citizens that they would not be prosecuted and from having engaged in any plan to encourage their trespasses. It also recites that the commonwealth attorney's "decision not to prosecute is based solely on his prosecutorial discretion and judgment that he cannot successfully prosecute these cases."

At the conclusion of the trial, the district court dismissed the claims against the commonwealth attorney for lack of sufficient evidence. The Center contends, however, that the commonwealth attorney's policy, regardless of the reasons for its adoption, denies the equal protection of the laws to all persons in the county seeking or performing abortions. It urges us to reverse the order of dismissal and to remand the case for the entry of an order enjoining the commonwealth attorney from effectuating his policy.

We believe, however, that it would be inappropriate for us to decide this issue. It is uncontradicted that while these proceedings were pending, trespassers have been arrested and prosecuted. At oral argument, counsel for the commonwealth attorney represented that the policy against prosecution is no longer being followed. Since the good faith of this representation is not questioned, we conclude that the controversy between the Center and the commonwealth attorney is now moot and that it is not likely to be revived.

### IV

■ The citizens assert that the injunction restraining them from intrusions at the Center should be vacated and their contempt convictions reversed because the district court lacked jurisdiction under 42 U.S.C. § 1985 to proceed against them. The Center responds that the court acquired jurisdiction under both § 1985 and the pendent state law claims, which the court in the exercise of its discretion did not dismiss. Settled principles dictate that we must sustain the court's jurisdiction if it is established by either of these jurisdictional bases. *See, e. g., Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Siler v. Louisville and Nashville R. R.*, 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909).

The pleadings alleged a close relationship between the Center's substantial federal claim and its state claim. The complaint charged that the citizens, with the complicity of the officials, denied the Center and its patients the right to perform and obtain abortions in conformity with the constitutional principles explained in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). It linked this federal claim to its state claim to be free of force, intimidation, and violence in the pursuit of its federal right.[2] Pendent jurisdiction therefore sustains the order of the district court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 721–29, 86 S.Ct. 1130, 1136–1140, 16 L.Ed.2d 218 (1966).

---

**2.** The Center relies primarily on Virginia statutes that prohibit trespass, instigating trespass to prevent the rendering of services to persons lawfully on the premises, and entering property for the purpose of damaging it. Va.Code Ann. §§ 18.2–119 to 18.2–121 (Repl.Vol.1975).

 The citizens' defenses of res judicata and collateral estoppel based on their acquittal of criminal charges also lack substance. The Center was not a party to the criminal proceedings, and acquittal of criminal charges does not preclude a civil action against a tortfeasor. For these reasons these pleas do not afford the citizens a defense. *See One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971).

## V

 In their counterclaim the citizens sought, among other relief, an injunction restraining the Center "from further termination of human lives of defenseless unborn children from the moment of fertilization." They also sought a declaratory judgment that "any laws to the contrary of such injunction be declared unconstitutional and void." They contend that the district court erred by refusing to address the question of when human life begins and by dismissing their counterclaim for failure to state a cause of action.

The issues raised in the counterclaim are foreclosed by *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). There the Court held, "For the stage prior to approximately the end of the first trimester, the abortion decision and its effectuation must be left to the medical judgment of the pregnant woman's attending physician." 410 U.S. at 164, 93 S.Ct. at 732. In reaching this conclusion, the Court observed, "We need not resolve the difficult question of when life begins." 410 U.S. at 159, 93 S.Ct. at 730.

First trimester abortions are the only type at issue in this case. The Virginia statute pertaining to them [3] conforms to the constitutional principles expressed in *Roe.*

Consequently, we find no error in the district court's dismissal of the counterclaim without determining when life begins.

*AFFIRMED.*

---

**3.** Va.Code Ann. § 18.2–72 provides:

[I]t shall be lawful for any physician licensed by the Virginia State Board of Medicine to practice medicine and surgery, to terminate or attempt to terminate a human pregnancy or aid or assist in the termination of a human pregnancy by performing an abortion or causing a miscarriage on any woman during the first trimester of pregnancy.