UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE MILLION FOUR HUNDRED NINE-
TY SEVEN THOUSAND EIGHTY ONE
DOLLARS AND SEVENTY EIGHT
CENTS ($1,497,081.78) IN UNITED
STATES CURRENCY, Defendant-Ap-
pellant,

Maria Lilia Rojas,
Intervenor-Claimant-Appellant.

No. 84–5989.

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 1985.

Michael Brodsky, Miami, Fla., for defend-
ant-appellant.

Stanley Marcus, U.S. Atty., B.B. Allen,
AUSA David Lichter, AUSA Linda Collins
Hertz, Asst. U.S. Attys., Miami, Fla., for
plaintiff-appellee.

Before JOHNSON and HENDERSON,
Circuit Judges, and ALLGOOD *, District
Judge.

ALLGOOD, District Judge:

Appellant, $1,497,081.78 in United States
currency, complains of the grant of appel-
lee's Motion for Summary Judgment of for-
feiture. Appellant sought relief in Count I,
based on a challenge of the constitutionali-
ty of 31 U.S.C. § 1102. Summary Judg-
ment was granted to appellee on this count,
and Count II was not reached. Our review
of the evidence viewed in the light most
favorable to the appellant and our study of
the applicable law convinces us that the
district court's decision in favor of the
Government was correct and we affirm.

---

* Honorable Clarence W. Allgood, U.S. District
Judge, Northern District of Alabama, sitting by

designation.

Maria Rojas was in an airport passenger area, awaiting departure of her plane from Miami to Columbia, Central America. As she waited, a customs inspector announced over the public address system that all passengers traveling outside the United States must fill out a currency reporting form if they were taking more than $5,000 out of the country. He further stated that failure to comply with this filing requirement could result in forfeiture of the money. Later, the customs inspector approached appellant and gave her the same information and warning, to which she replied that she did not have $5,000 in currency with her. She was subsequently arrested, and was convicted of willful failure to report $1,497,081.78 in violation of 31 U.S.C. §§ 1058 and 1101. The Government then initiated this forfeiture action under 31 U.S.C. § 1102, which states:

> (a) Any monetary instruments which are in the process of any transportation with respect to which any report required to be filed under section 1101(a) of this title either has not been filed or contains material omissions or misstatements are subject to seizure and forfeiture to the United States.

Rojas intervened in this forfeiture action, and on appeal raises the issue of whether this forfeiture provision of the Bank Secrecy Act, 31 U.S.C. 1102, is unconstitutional as a violation of due process. However, appellees raise the issue of whether appellant is estopped from raising this issue because of her fraudulent conduct in not complying with the requirement to file.

The estoppel issue raised by appellees for the first time on appeal may not be raised because it was not raised in District Court and was therefore waived by the Government. The issue of the constitutionality of Section 1102 was raised in a counterclaim by the intervenor Rojas in District Court. As to that issue, the Government's estoppel defense is an affirmative defense, and must be raised in District Court or is waived.

▪■ Appellants challenge the constitutionality of 31 U.S.C. 1102, stating that this section violated the due process clause of the Fifth Amendment. In the case of *Nebbia v. United States*, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934), the Supreme Court stated that due process demands that the law not be unreasonable, arbitrary, or capricious, and that there be a real and substantial relationship between the means selected and the objective sought to be accomplished. *Id.* at 525.

In looking at the history of the Bank Secrecy Act, of which 31 U.S.C. § 1102 is a part, H.R.Rep. 975, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad. News 4394 states that the bill deals with two problems, one of which is the "... use by American residents of foreign financial facilities located in jurisdictions with various types of secrecy laws." *Id.* at 4395. It further states that the bill does not impose limits on the export of United States currency, and that people are free to take as much money as they like out of the country, but that "... for years American criminal elements have been taking or sending currency out of the United States either in furtherance of a criminal activity or for deposit in a secret foreign haven." *Id.* at 4398. It goes on to say that this bill will hopefully close that investigative loophole.

The Legislative History of the Bank Secrecy Act reflects that the objective of Section 1102 is to deter potential violators of the filing requirement through possible forfeiture of the monetary instrument not reported. Clearly, this forfeiture provision bears a substantial relationship to the objective being sought.

■ Claimant further states that Section 1102 results in a forfeiture of innocent property, a radical departure from tradition. Because the actual violation was failure to file according to Section 1101, and was not a violation of carrying more than $5000 out of the country, claimant states that there is no substantial relationship between the property and the crime. However, in Note 6 of the case of *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 93 S.Ct. 489,

34 L.Ed. 438 (1972), that forfeiture of property under 19 U.S.C. § 1497 is not the result of commission of a criminal offense, but rather results from failure to follow customs procedures. Although this case did not deal with due process challenges, this note would indicate that property which is not the object of a crime may still be forfeited for failure to follow filing requirements.

Accordingly, for the reasons set forth above, the decision of the District Court is AFFIRMED.