MR. JUSTICE McDONOUGH,
dissenting:
A legislative body may impose both criminal and civil sanctions for the same occurrence. See One Lot Emerald Cut Stones v. United States (1972), 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438. That has been done here in explicit terms.
The majority uses the incorrect premise that the two statutes are inconsistent in order to reach its conclusion that the specific prevails over the general in arriving at the intention of the legislature under § 1-2-102, MCA. The two statutes are not inconsistent. One is criminal, one is civil, serving different purposes and requiring different burdens of proof. Each is part of a separate body of law; each has a different method of enforcing sanctions and establishes a different punishment. The majority expresses puzzlement with the 1974 amendments to the snowmobile statutes, noting that the legislative history fails to explain why the legislature changed the penalty from criminal to civil. However, before resorting to legislative history, it should be noted that the change made by the legislature in 1974 on its face resolved any conflict that may have existed with the Motor Vehicle Code.
The majority cites the U.S. Supreme Court decision in Helwig v. United States (1903), 188 U.S. 605, 23 S.Ct. 427, 47 L.Ed. 614, for the proposition that where a law levies a fine or forfeiture as punishment for a particular act, that fine constitutes a criminal penalty. This is a misreading of the Helwig case. Helwig dealt with an importer of wood pulp who had undervalued his shipment for the purposes of avoiding customs fees. Upon discovery of the undervaluation, the Federal Government required Helwig to pay the difference between the fee he was charged and the fee he should have been *352 charged. Because Helwig’s shipment was undervalued by more than 10%, he was also assessed what the customs statutes termed an “additional fee” based on the percentage of the undervaluation. Helwig was brought before a U.S. Circuit Court for trial, as provided for in customs law. He objected to jurisdiction by claiming that the “additional fee” was in fact a penalty, and district courts by statute had exclusive jurisdiction in cases involving a penalty or forfeiture. The dispute was thus about jurisdiction under customs law. The Supreme Court found the additional fee to be a penalty, but the word “criminal” appears nowhere in the opinion.
In any event, the civil sanctions or penalties in this case are not so punitive as to constitute criminal penalties. The civil penalties in the snowmobile statutes are roughly equal to the criminal penalties in the Motor Vehicle Code insofar as monetary sanctions are concerned, but this does not make them criminal. There are numerous cases where civil monetary sanctions have actually exceeded criminal monetary sanctions; e.g., criminal fraud and punitive damages for fraud, antitrust penalties, and civil forfeiture of property deemed to be contraband. In this case, by saying the civil sanctions are punitive and criminal in nature, the majority is converting a designated civil statute into a criminal statute even though the regular criminal statute levies more severe penalties, such as incarceration. The majority then applies it as a specific criminal statute to overrule a more general criminal statute when there is no fundamental inconsistency between the two. I would reverse and remand for trial on the criminal charge.