**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMES K. BURKS, JR., a/k/a Martin

Wilson, a/k/a Marcus Allen, a/k/a
Derrick Baxter, a/k/a Nathan King,
a/k/a Marcus Williams, a/k/a
Howard Theodore Wright,
Defendant-Appellant.

No. 94-5442

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-93-460-A)

Submitted: June 20, 1995

Decided: April 29, 1996

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Vacated in part, affirmed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Drewry B. Hutchinson, Jr., Alexandria, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Gordon D. Kromberg,

Assistant United States Attorney, Laura Pellatiro Tayman, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Kirby Burks appeals his conviction for conspiracy to distribute and to possess with the intent to distribute more than fifty grams of cocaine base, or crack cocaine, 21 U.S.C. § 841(a)(1) (1988); 21 U.S.C.A. §§ 841(b)(1)(A)(iii), 846 (West Supp. 1995), and for engaging in a continuing criminal enterprise (CCE) in which he supervised five or more persons, 21 U.S.C.A. § 848 (West Supp. 1995). Although we find no reversible error, we vacate Appellant's conspiracy conviction and remand to the district court with instructions to dismiss that conviction. With regard to his CCE conviction and the attendant life sentence, however, we affirm.

According to testimony presented at trial, Burks operated an extensive crack cocaine distribution business based in and around Washington, D.C. from 1990 to 1993. Burks distributed hundreds of kilograms of cocaine obtained from two California sources, Albert Martinez and Kevin Backstrom. Burks was aided in this enterprise by others, including David Liverpool, Maurice and Ronald Hall, Eugene Spriggs, Keith Parham, Gary Willingham, Anthony Cotton, Todd Foster, Derrick Pollard, and Robin Burks, who assisted Burks in picking up drug shipments, provided addresses for receipt of cocaine sent through the mail, delivered cocaine to Burks's customers, coordinated deliveries, distribution, and the collection of money owed to Burks, and helped him "cook" powder cocaine into crack cocaine. Burks also "fronted" drugs to Foster, Cotton, and others, giving them crack cocaine to sell and allowing them to keep a portion of the proceeds.

2

Trial testimony also revealed that Nathan King and Howard Wright gave Burks their social security cards so that Burks could obtain fraudulent driver's licenses. King also served temporarily as a liaison between Burks and Backstrom, one of Burks's suppliers. Backstrom notified King when he arrived in Washington with Burks's cocaine and stayed in King's house during his visit. King then phoned Burks to arrange the purchases. Wright allowed Burks to title a sports car in his name. In addition, Burks paid Wright to appear in court, plead guilty, and serve the resulting prison sentence after Burks--posing as Wright--was arrested for a handgun violation. Wright allowed Burks to trade in another car titled in Wright's name to purchase a Range Rover for Burks's use in California.

Burks was found guilty after a jury trial of both conspiracy and operating a CCE. He received two concurrent life sentences as pre-scribed by the United States Sentencing Guidelines. See United States Sentencing Commission, Guidelines Manual§ 2D1.1, Ch.V, Pt.A. (Nov. 1993).**1** Burks appealed.

I.

Burks asserts that his convictions were multiplicitous because the conspiracy and overt acts alleged thereunder were the predicate offenses used to support the CCE charge. United States v. McManus, 23 F.3d 878, 884 (4th Cir. 1994). The Government concedes on appeal that if the CCE conviction is affirmed, the conspiracy charge must be dismissed. We agree. Because, as discussed below, we affirm the § 848 conviction, Appellant's conviction under § 846 was multi-plicitous. We must therefore vacate that conviction and remand to the district court with instructions that the court dismiss the conspiracy conviction. Id. Because his CCE conviction carries a life sentence under the guidelines, however, Appellant is not entitled to resentenc-ing. McManus, 23 F.3d at 884 n.5.

_____

**1** Burks's adjusted offense level for both crimes was 48, and his crimi-nal history category was II. Under USSG Ch.V, Pt.A, life sentences were required.

3

II.

Burks claims that his present conviction constitutes double jeopardy in light of prior forfeiture proceedings in Texas and California. Burks failed to move to quash his indictment and made no objection at trial on double jeopardy grounds. Therefore, this issue is forfeited unless he can show plain error by the district court. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S. 1993). To qualify as "plain," an error at trial must be clear under existing law, must have prejudiced the defendant by affecting the outcome at trial, and must seriously impact upon the fairness, integrity, or public reputation of judicial proceedings. Id. at 4424.

The district court did not plainly err in this instance based on the information it had before it. The record reflects only that Burks's $76,585 was seized by officers of the El Paso, Texas, Police Department, not federal agents. Assuming this forfeiture constituted "jeopardy," Burks was punished for the same offense by two different sovereigns, a predicament unaddressed by the Double Jeopardy Clause. United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982). Similarly, Burks fails to establish the nature of the seizure in California by agents of the Drug Enforcement Agency, whether there was a subsequent forfeiture, or what the grounds of the forfeiture were.[2] A

_____

**2** Counsel's claim that United States v. United States, 61 U.S.L.W. 4811, 4816 (U.S. 1993), "clearly" establishes that all civil forfeitures constitute punishment misstates the Supreme Court's holding. Austin held only that forfeitures of conveyances and realty used in drug crimes pursuant to 21 U.S.C.A. § 881(a)(4) & (7) (West 1981 & Supp. 1995), are limited by the Excessive Fines Clause because of their essentially punitive nature. Id. at 4811. Although the logic of Austin may extend double jeopardy protections to § 881(a)(4) & (7) forfeitures, it does not in any way limit forfeitures of the proceeds of criminal activity under 21 U.S.C. § 881(a)(6) (1988). United States v. Tilley, 18 F.3d 295, 299 (5th Cir.), cert. denied, 63 U.S.L.W. 3420 (U.S. 1994). Moreover, civil in rem forfeitures of contraband are purely remedial and thus immune from double jeopardy considerations. Austin, 61 U.S.L.W. at 4812-13 n.2 (citing United States v. One Assortment of 89 Firearms, 465 U.S. 354, 364 (1984); One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 237 (1972)).

4

thorough review of the record discloses no information warranting a double jeopardy analysis by the district court.

III.

The remainder of Burks's appeal centers around the prosecution's closing argument in which it contended that Burks supervised Nathan King and Howard Wright as part of the CCE. At the conclusion of the Government's case in chief, defense counsel moved for a judgment of acquittal on the CCE count, which the district court denied based on the evidence that Burks had supervised Maurice and Ron Hall, Parham, Cotton, Foster, Liverpool, Spriggs and Robin Burks. However, during its exchange with counsel concerning the motion, the district court stated that it believed there was insufficient evidence to find that King and Wright were supervisees of Burks's.[3]

Burks maintains that the district court's comments regarding King and Wright were the law of the case and that the district court should have instructed the jury that Burks did not supervise King or Wright for the purposes of § 848. Burks also insists that because no limiting instruction was given on the CCE claim, the district court erred in not providing special verdict forms to the jury and instructing them that they had to reach unanimity on the five persons supervised by Burks in order to convict him on the CCE count.[4] Burks offered no objections to the prosecution's arguments at trial. He also failed to offer a limiting or unanimity instruction or to object to the jury instructions provided. Therefore, we review only for plain error. Olano, 61 U.S.L.W. at 4423.

_____

[3] Thereafter, Burks was cross-examined about his relationship with both men, admitting as had been attested to by others (1) that King and Wright gave him their social security cards so that he could establish aliases; (2) that Wright appeared in court, pled guilty, and served a prison sentence for him; (3) that Wright allowed Burks to title a sports car in Wright's name; and (4) that Wright allowed Burks to trade in another car titled in Wright's name so Burks could purchase a Range Rover for use in California.

[4] Contrary to Burks's assertion, the prosecution argued only that Backstrom and Derrick Pollard were co-conspirators of Burks, not that they were his supervisees.

5

The law of the case doctrine is inapplicable in this instance. <u>See</u> <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993). There was no prior ruling by an appellate court establishing the status of King or Wright. <u>Id.</u> Moreover, the prosecution had no occasion to object to the district court's denial of Burks's motion for acquittal. <u>Id.</u>

Because the jury was not misled regarding the actual conduct of King or Wright or the law governing CCE convictions, no limiting instruction was necessary. <u>United States v. Phibbs</u>, 999 F.2d 1053, 1086-87 & n.17 (6th Cir. 1993), <u>cert. denied</u>, 62 U.S.L.W. 3551 (U.S. 1994). Moreover, because King and Wright were not incapable as a matter of law of being supervised by Burks, <u>see United States v. Jerome</u>, 942 F.2d 1328, 1330-31 (9th Cir. 1991) (defendant cannot supervise the "suppliers of his suppliers"), there was no requirement that the jury reach unanimity on the identity of Burks's five supervisees. <u>Phibbs</u>, 999 F.2d at 1087; <u>see United States v. Cole</u>, 857 F.2d 971, 973 n.1 (4th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1070 (1989). Therefore, there was no error in failing to give a unanimity instruction. <u>See, e.g.</u>, <u>United States v. Jackson</u>, 879 F.2d 85, 89 (3d Cir. 1989).

We affirm Burks's conviction and sentence for engaging in a CCE, as prohibited by 21 U.S.C.A. § 848. We remand to the district court solely for the purpose of dismissing his conspiracy conviction which has been rendered multiplicitous by our affirmance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED IN PART; AFFIRMED IN PART; AND REMANDED</u>

6