50

UNITED STATES of America,
Plaintiff–Appellee,

v.

$273,969.04 U.S. CURRENCY, Defendant,

and

Regina A. Puzo, Claimant–Appellant.

No. 95–55882.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1996.

Submission Vacated Aug. 17, 1997.

Resubmitted Dec. 28, 1998.

Decided Jan. 6, 1999.

David Michael, Serra, Lichter, Daar, Bustamante & Michael, San Francisco, California, for claimant-appellant.

Carla A. Ford, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: BROWNING, THOMPSON, and THOMAS, Circuit Judges.

PER CURIAM:

Claimant Regina Puzo appeals summary judgment in favor of the United States in its civil suit seeking forfeiture of $273,969.04 in currency pursuant to 31 U.S.C. § 5317, and

four pieces of jewelry valued at $117,500.00 pursuant to 19 U.S.C. § 1497. Puzo contends the forfeitures violate the Double Jeopardy Clause and the Excessive Fines Clause. We affirm the district court's holding that neither forfeiture violates the Double Jeopardy Clause. We vacate the district court's holding that the currency forfeiture under § 5317 does not violate the Excessive Fines Clause and remand. We affirm the district court's holding that the jewelry forfeiture under § 1497 does not violate the Excessive Fines Clause.

### I.

A search of Puzo at the Los Angeles International Airport disclosed she was carrying $266,203.00 in U.S. currency and 5,720 in British pounds and four pieces of jewelry concealed on her person. Puzo was charged with failure to comply with monetary transaction reporting requirements (31 U.S.C. § 5322) and making a false statement to a customs official (18 U.S.C. § 1001). She pled guilty to the 18 U.S.C. § 1001 charge and was sentenced.

The government then brought this civil forfeiture action in rem against the currency under 31 U.S.C. § 5317 (failure to report the transportation of more than $10,000 in monetary instruments into the United States), and against the jewelry under 19 U.S.C. § 1497 (failure to declare articles upon entry). Puzo filed a claim and moved for judgment on the pleadings on the ground that the forfeitures violate the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. The government filed an opposition to the motion for judgment on the pleadings and a cross-motion for summary judgment. Puzo did not file an opposition to the government's cross-motion.

Puzo admitted she had submitted a customs form declaring perfume and a figurine valued at $370.00, and Customs had performed a pat down search which revealed the currency and jewelry. Puzo also admitted she did not declare the currency as required by 31 U.S.C. § 5316 and did not declare the jewelry as required by 19 U.S.C. § 1497.

The court granted the government's motion for summary judgment.

### II.

■ The government argues that by failing to file a motion in opposition to summary judgment, Puzo consented to the order granting summary judgment under the Local Rules of the Central District.[1]

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and* that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added). Both requirements must be met. As we held in *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993), a "local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83."

### III.

Puzo argues the civil forfeiture of the currency and jewelry violated the Double Jeopardy Clause in light of Puzo's prior conviction on her plea of guilty to 18 U.S.C. § 1001.

■ We affirm the grant of summary judgment for the United States because neither forfeiture was criminal for the purposes of the Double Jeopardy Clause.

The Supreme Court held in *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), that in rem civil forfeiture of the claimant's house under 21 U.S.C. § 881(a)(7) for facilitating the unlawful processing and distribution of marijuana did not constitute a second punishment for the same

---

**1.** In particular, Local Rule 7.14.2, which requires an opponent to a motion for summary judgment to indicate the genuine issues that must be litigated, and Local Rule 7.6, which authorizes the court to consider failure to file papers required under the rule in a timely manner as consent to the granting of a motion.

offense despite the claimant's prior conviction under 21 U.S.C. § 842(a)(1). The Supreme Court concluded "[t]hese civil forfeitures (and civil forfeitures generally) ... do not constitute 'punishment' for purposes of the Double Jeopardy Clause." *Id.* at 270–71, 116 S.Ct. 2135.

The Court's holding was not absolute, however. The Court noted

> We do not hold that *in rem* civil forfeiture is *per se* exempt from the scope of the Double Jeopardy Clause.... That a forfeiture is designated as civil by Congress and proceeds *in rem* establishes a presumption that it is not subject to double jeopardy. Nevertheless, where the "clearest proof" indicates that an *in rem* civil forfeiture is "so punitive either in purpose or effect" as to be equivalent to a criminal proceeding, that forfeiture may be subject to the Double Jeopardy Clause.

*Id.* at 289 n. 3, 116 S.Ct. 2135 (citation omitted) (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 365, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984)).

■ Forfeiture of Puzo's currency under 31 U.S.C. § 5317 was not by the "clearest proof ... so punitive in purpose or effect" that it was equivalent to a criminal proceeding. The applicable test was most recently articulated in *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). The initial inquiry is one of statutory construction. *See id.* at 493, 118 S.Ct. 488. The court must ask "whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." *Id.* (internal quotations omitted). The title of § 5317 does not include the word "civil," but the general legislation of which it is a part denominates § 5317 as "civil." *See* Section 1355 of the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207–22. Forfeiture proceedings under § 5317 are in rem; thus "Congress specifically structured these forfeitures to be impersonal by targeting the property itself." *Ursery*, 518 U.S. at 289, 116 S.Ct. 2135.

Where, as here, Congress "has indicated an intention to establish a civil penalty, [the Supreme Court has] inquired further whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." *Hudson*, 118 S.Ct. at 493 (internal quotations and citation omitted). Section 5317 is not so punitive as to negate Congress's intention to establish a civil remedy. Although forfeiture under § 5317 has several punitive aspects (failure to establish a limit to the value of the forfeiture and the fact that it is tied to the violation of a criminal statute), it also has important remedial features (e.g., no scienter is required). *See* 31 U.S.C. § 5317 (authorizing forfeiture if a report is not filed under § 5316); *United States v. $47,980 in Canadian Currency*, 804 F.2d 1085, 1091 (9th Cir. 1986) (noting that § 5317 does not require knowledge of the reporting requirements). Furthermore, as the Supreme Court noted in *Ursery*, "it is absolutely clear that *in rem* civil forfeiture has not historically been regarded as punishment ... under the Double Jeopardy Clause." *Ursery*, 518 U.S. at 291, 116 S.Ct. 2135.

In light of the holding in *Ursery* that civil forfeiture in general is not punishment under the Double Jeopardy Clause, and the absence of clear proof that forfeiture pursuant to § 5317 is so punitive as to be tantamount to a criminal proceeding, we conclude that forfeiture of Puzo's currency was not criminal punishment for purposes of the Double Jeopardy Clause.

The same is true for the forfeiture of Puzo's jewelry. The Supreme Court settled the question in *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 236–37, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (per curiam), holding forfeiture under 19 U.S.C. § 1497 is not criminal punishment under the Double Jeopardy Clause.[2]

---

2. In *Emerald Cut Stones*, the Court examined the purpose of § 1497. The Court noted that § 1497 "is intended to aid in the enforcement of tariff regulations[;] ... prevent[ ] forbidden merchandise from circulating in the United States, and,

by its monetary penalty, it provides a reasonable form of liquidated damages for violation of the inspection provisions and serves to reimburse the Government for investigation and enforcement expenses." 409 U.S. at 237, 93 S.Ct. 489. The

## IV.

Puzo also argues the forfeiture of her jewelry and currency violates the Excessive Fines Clause of the Eighth Amendment.

■ To determine if action by the government violates the Excessive Fines Clause, we must first determine whether the action is punishment. *See United States v. Bajakajian,* —— U.S. ——, ——, 118 S.Ct. 2028, 2033, 141 L.Ed.2d 314 (1998); *Austin v. United States,* 509 U.S. 602, 610, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

■ Our conclusion that forfeiture under 31 U.S.C. § 5317 is not a criminal penalty for purposes of the Double Jeopardy Clause is not controlling under the Excessive Fines Clause. As the Supreme Court recently noted, a civil sanction that does not implicate the Double Jeopardy Clause may still be punitive for purposes of the Excessive Fines Clause. *See Hudson,* 118 S.Ct. at 495; *see also Ursery,* 518 U.S. at 287, 116 S.Ct. 2135 (the forfeitures at issue, while not considered punishment under the Double Jeopardy Clause, must nevertheless be reviewed for excessiveness under the Excessive Fines Clause).

■ As we have noted, currency forfeiture under 31 U.S.C. § 5317, is, in part, punitive: it is not limited by the extent of the government's loss (*see* 31 U.S.C. § 5317(c)), and it is tied to the commission of a crime (violation of 31 U.S.C. § 5316).

■ Since § 5317 serves in part to punish, the question is whether forfeiture of Puzo's currency is excessive under the test established in *Bajakajian.* Under that test, "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Bajakajian,* —— U.S. at ——, 118 S.Ct. at 2036.[3]

■ The record is not sufficiently developed to permit a decision as to whether the forfeiture in this case was excessive. For example, although it is clear that Puzo's crime was "solely a reporting offense," *id.* at 2038, the district court made no finding as to whether the currency was illegally acquired or intended for illicit purposes. *Cf. id.* (noting that the district court had found Bajakajian's reporting violation "unrelated to any other illegal activities").

We therefore vacate the grant of summary judgment for the government on the forfeiture of Puzo's currency pursuant to 31 U.S.C. § 5317, and remand to allow the district court to determine whether the amount of the forfeiture is grossly disproportional to the gravity of Puzo's offense.

■ Applying the analysis used above, we might well conclude that 19 U.S.C. § 1497 is also punitive for purposes of the Excessive Fines Clause. However, the Supreme Court in *Bajakajian* said that § 1497 is "entirely remedial and thus nonpunitive." *Bajakajian,* —— U.S. at —— n. 19, 118 S.Ct. at 2041 n. 19 (citing *Emerald Cut Stones,* 409 U.S. at 237, 93 S.Ct. 489). Although *Emerald Cut Stones* interpreted § 1497 in the context of the Double Jeopardy Clause, *Bajakajian* clearly intended *Emerald Cut Stones* to apply in the context of the Excessive Fines Clause as well. Section 1497 thus fails the precondition for application of the Excessive Fines Clause. We therefore affirm the district court's grant of summary judgment for the government regarding the forfeiture of Puzo's jewelry under § 1497.

## V.

We affirm the district court's judgment that neither forfeiture violates the Double Jeopardy Clause. We vacate the district court's holding that the currency forfeiture under § 5317 does not violate the Excessive

Court also noted that the recovery available under § 1497 was not "so unreasonable or excessive that it transforms what was clearly intended as a civil remedy into a criminal penalty." *Id.*

**3.** Prior to the Supreme Court's decision in *Bajakajian,* this circuit considered whether the forfeited property was an instrumentality of the offense in deciding whether the forfeiture was

excessive. *See United States v. 6380 Little Canyon Road,* 59 F.3d 974, 982 (9th Cir.1995). However, *Bajakajian* made clear that the instrumentality inquiry is not relevant here; instead, "the test for the excessiveness of a punitive forfeiture involves solely a proportionality determination." *See Bajakajian,* —— U.S. at ——, 118 S.Ct. at 2036.

Fines Clause and remand. We affirm the district court's holding that the jewelry forfeiture under § 1497 does not violate the Excessive Fines Clause.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.