**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ivan VAN RIJK, Claimant–Appellant**

**and**

**847 Pieces of Jewelry and 370 Precious**
**Stones, Defendant.**

**No. 99–35514.**

**D.C. CV–98–00068–WLD.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2001 [1].

Decided March 19, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

## MEMORANDUM[2]

Ivan Van Rijk ("Van Rijk"), a professional jeweler, appeals the district court's judgment of forfeiture of 847 pieces of jewelry and 370 precious stones valued at $394,000. Van Rijk attempted to transport this merchandise across the border into the United States from Canada without declaring it.

The government seeks forfeiture of the merchandise pursuant to 19 U.S.C. § 1497.[3] Van Rijk concedes that he violated federal laws requiring that he declare the jewelry and precious stones at the border. Rijk contends, however, that the government's demand that he forfeit $394,000 worth of merchandise constitutes an excessive fine under the Eighth Amendment to the United States Constitution.[4]

█ Finding for the government, the district court relied on this circuit's decision in *United States v. $273,969.04 U.S.*

*Currency, Regina A. Puzo,* 164 F.3d 462, 466–67 (9th Cir.1999). The district court's order states that our decision in *Puzo* "requires that a judgment of forfeiture be entered as to all jewelry and precious stones." We have jurisdiction pursuant to 28 U .S.C. § 1291, and we affirm.

Our decision in *Puzo* involved an individual who entered the United States without declaring four pieces of jewelry valued at $117,500. *Id.* at 464. The government brought a civil action in rem pursuant to 19 U.S.C. § 1497 to forfeit the jewelry. *Id.* Puzo challenged the forfeiture as unconstitutional under the Excessive Fines Clause of the Eighth Amendment. *Id.*

█ We affirmed the district court's grant of summary judgment for the government with respect to this claim. Relying on the Supreme Court's interpretation of 19 U.S.C. § 1497 as "entirely remedial and thus nonpunitive," we held that § 1497 forfeitures do not fall within the purview of the Excessive Fines Clause. *Id.* at 466 (quoting *United States v. Bajakajian,* 524 U.S. 321, 344 n. 19, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)).[5]

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Title 19 U.S.C. § 1497 provides:
   Any article which is not included in the declaration and entry as made or transmitted; and is not mentioned before examination of the baggage begins in writing by such person, if written declaration and entry was required, or orally, if written declaration and entry was not required; shall be subject to forfeiture....

4. The Eighth Amendment states:
   Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.
   U.S. Const., Amdt. 8.

5. Our decision in *Puzo* is grounded in the Supreme Court's interpretation of the Exces-

sive Fines Clause as placing " 'limits [on] the government's power to extract payments, whether in cash or in kind, as punishment for some offense.' " *Bajakajian,* 524 U.S. at 328, 118 S.Ct. 2028 (quoting *Austin v. United States,* 509 U.S. 602, 609–10, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993)). Forfeitures are only considered "fines" within the meaning of the Excessive Fines Clause "if they constitute punishment for some offense." *Id.* Civil forfeitures conducted for remedial purposes are by definition not punishment and therefore not "fines" subject to review under the Excessive Fines Clause. *Puzo,* 164 F.3d at 465 n. 2 (observing that the Supreme Court has interpreted the forfeiture provision of § 1497 as "not so unreasonable or excessive that it transforms what was clearly intended as a civil remedy into a criminal penalty") (citation and internal quotation marks omitted).

The instant case is factually and legally indistinguishable from *Puzo*. Van Rijk, like Puzo, admitted to attempting to enter the United States without declaring jewelry valued in excess of $100,000. The government brought a civil in rem action pursuant to 19 U.S.C. § 1497, precisely as it did in *Puzo*. Therefore, we agree with the district court that our decision in *Puzo* "requires that a judgment of forfeiture be entered as to all jewelry and precious stones" that Van Rijk attempted to bring undeclared into the United States.[6]

The judgment of the district court is AFFIRMED.

---

6. Van Rijk also claims that the forfeiture of his jewelry and precious stones violates the substantive due process clause of the Fifth Amendment because there is no rational basis for this forfeiture. There is no authority to support the application of the due process clause to overturn a civil forfeiture as an excessive fine. Moreover, the Supreme Court has stated that civil in rem forfeitures conducted pursuant to 19 U.S.C. § 1497 serve a rational purpose by deterring individuals from bringing undeclared goods into the United States. *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 237, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972).

