

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# Mullins v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mullins v. Philadelphia" (2008). *2008 Decisions.* Paper 780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1578
_____

XAVIER MULLINS,

Appellant

v.

CITY OF PHILADELPHIA; WALI SHABAZZ, in his individual
capacity and as an agent of the City of Philadelphia; HUGH
BECKER, in his individual capacity and as an agent of the
City of Philadelphia

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-02186)
District Judge:  Honorable John R. Padova

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008
Before: MCKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  July 30, 2008)
_____

OPINION
_____

PER CURIAM

　　Xavier Mullins appeals the District Court's judgment entered in appellees' favor

after a jury trial.  The history of this case and the details of Mullins's claims are well

known to the parties and need not be discussed at length. Briefly, Mullins filed a counseled civil rights complaint alleging that he was beaten by two deputy sheriffs while an inmate in the Criminal Justice Center. After a jury found in favor of the appellees, the District Court entered judgment in their favor, and Mullins filed a pro se notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

Mullins argues that the verdict is against the weight of the evidence. "[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Marra v. Phila. Hous. Auth., 497 F.3d 286, 309 n.18 (3d Cir. 2007) quoting Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991). Here, Mullins and three inmates testified that appellee Shabazz began the altercation by punching Mullins. Mullins and another inmate testified that Mullins was kicked and hit after being restrained. Appellees Shabazz and Becker as well as two other sheriffs testified that Mullins started the fight by punching Shabazz several times and that it took several sheriffs to bring Mullins down. They testified that Mullins was not assaulted once he was restrained. Thus, the verdict was based on the credibility of the witnesses. Credibility determinations are the province of the factfinder. Scully v. US WATS, Inc., 238 F.3d 497, 506 (3d Cir. 2001). We may not substitute our judgment for that of the jury on disputed issues of fact. Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129, 133 (3d Cir. 1965).

2

Mullins also argues that he should have been permitted to introduce evidence that he was found not guilty of assaulting Shabazz. We review the admission or exclusion of evidence for an abuse of discretion. Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 412 (3d Cir. 2002). The standards of proof in the criminal case and in this civil case are different. That a factfinder did not find beyond a reasonable doubt that Mullins assaulted Shabazz does not mean that a civil jury could not find by a preponderance of the evidence that Mullins started the conflict. See One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 235 (1972)("[An acquittal] does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings.") The District Court did not abuse its discretion in denying Mullin's motion to admit evidence of his acquittal.

Mullins contends that the District Court should have allowed Mullins to call Detective Fong, who investigated the incident, as a witness. At trial, Mullins's counsel indicated that he wanted to call Fong only to testify about the limited scope of Fong's investigation. The District Court sustained the appellees' objection as to relevancy but noted that Mullins could call Fong on rebuttal; Mullins did not do so. Mullins now argues that he was seeking Fong's testimony on the authenticity of the photographs taken of Shabazz after the incident and whether Fong's investigation revealed that Mullins had assaulted Shabazz. However, Mullins himself introduced the photographs of Shabazz at trial, and Fong had no personal knowledge of the events at issue. The District Court did

3

not abuse its discretion in refusing to allow Mullins to call Fong.

Mullins argues that he should have been permitted to call three witnesses who would testify that Shabazz had assaulted them while they were inmates. However, pursuant to Federal Rule of Evidence 404(a), character evidence is generally not admissible "for the purpose of proving action in conformity therewith on a particular occasion." Mullins attempts to recharacterize the testimony as challenging Shabazz's credibility and not his character. We reject that characterization and conclude that the District Court did not abuse its discretion in not allowing the inmates' testimony. Moreover, we note that two of the inmates pled guilty to assault charges from their encounters with Shabazz.

Similarly, Mullins argues that the District Court erred in not allowing Mullins's witness, Lavond Hill, to testify as to Shabazz's reputation. In response to a question from appellees' counsel as to how he knew Shabazz, Hill stated that Shabazz had a bad reputation. Mullins's counsel argued that appellees had opened the door to evidence of Shabazz's reputation. The District Court did not allow that testimony. Again, Mullins argues that he sought to introduce evidence of Shabazz's reputation as to his truthfulness. Again, we reject that characterization of the proposed testimony and conclude that the District Court did not abuse its discretion in denying testimony of Shabazz's reputation. By asking Hill how he knew Shabazz, appellees' counsel did not "open the door" to admission of such evidence.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.