**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Constantine WALKER,**
**Defendant–Appellant.**

**No. 90–10459.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1991.

Decided July 26, 1991.

Hayden Aluli, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Leslie E. Osborne, Jr. and Michael Burke, Asst. U.S. Attys., Honolulu, Hawaii, for plaintiff-appellee.

Before SCHROEDER, BEEZER and NOONAN, Circuit Judges.

BEEZER, Circuit Judge:

■ Walker moved to dismiss criminal charges against him on the ground that they violate double jeopardy. The district court denied the motion. The denial is final and appealable under 28 U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We affirm.

## I

On June 4, 1990, Walker entered the United States on a commercial aircraft. Customs inspectors discovered that Walker was carrying approximately one gram of marijuana, which he had failed to list on his declaration form or to present for inspection. Walker immediately was assessed a civil penalty of $500 pursuant to Customs Directive 4400–11 (Oct. 18, 1989). The directive and the government indicate that 19 U.S.C. § 1459 provided statutory authority for the civil penalty.[1] Although § 1459 imposes a $5,000 civil penalty on first offenders, Customs Directive 4400–11 automatically "mitigates" the $5,000 civil penalty to $500.

The government brought criminal charges against Walker for knowing possession and importation of the marijuana. Walker argued that the previously imposed civil fine was punitive. He moved to dismiss the indictment on double jeopardy grounds. The only question before us is whether the fine is punishment for double jeopardy purposes.[2]

## II

■ A civil penalty is punishment if it cannot fairly be said solely to serve a remedial purpose. *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989). This inquiry, however, is not an exact pursuit. *Id.* A penalty constitutes punishment for the purpose of the double jeopardy clause when it is overwhelmingly disproportionate to the damages caused to the government. *Id.*

■ Walker argues that 19 U.S.C. § 1459 is punitive because on its face it imposes a $5,000 penalty, not a $500 penalty. As further evidence of Congress's punitive intent, Walker suggests the government had no authority to "mitigate" the penalty to $500. Finally, he points to Customs Directive 4400–11, which expresses the intent to "hold all drug users accountable for their illegal actions...." In reference to civil penalties imposed in lieu of physical seizures, the directive states that its goal "is and has been to effect the strongest possible enforcement action."

The government argues that it had authority to lower the penalty under 19 U.S.C. § 1618. That section allows the Secretary of the Treasury to mitigate customs penalties, upon written petition by the person penalized, if the Secretary finds that mitigating circumstances exist. The government also submitted uncontroverted proof that it assesses the same $500 civil penalty against everyone in Walker's circumstances.

Although there is language in the Customs Directive indicating the system of civil penalties is at least partly meant to punish, the Supreme Court in *Halper* indicated that the relevant inquiry is more specific.

> [T]he determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and

---

1. That section requires disclosure of the existence and nature of all articles brought through customs. *See* 19 U.S.C. § 1459(b), (e) (1988). It also provides for a civil penalty of $5,000 for the first offense. *See id.* § 1459(f).

 Both parties present the case as though the fine could have been, and was, imposed pursuant to 19 U.S.C. § 1459. Thus, we do not address whether the fine should have been imposed under § 1497 (failure to declare), which provides for a penalty of ten times the street value of the drug.

2. Neither side disputes that, under *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Double Jeopardy Clause would prevent the government from prosecuting Walker for possessing and importing the drug if the civil penalty the government imposed for bringing the drug through customs without declaring it constitutes criminal punishment.

the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction *as applied in the individual case* serves the goals of punishment.

*Halper,* 109 S.Ct. at 1901–02 (emphasis added). For this reason, we believe the face amount of the statute and the "punitive" language in the directive are not dispositive.

■ Anticipating this, Walker argues the $500 penalty bears no reasonable relation to the government's loss. In support, he claims it took less than an hour for him to get through customs and involved only one government employee. He contrasts the $500 figure in his case to liquidated damages of $350 commonly imposed in criminal cases, insisting that the average criminal case is much more complicated.

We are not persuaded by Walker's argument. The Supreme Court has noted that "a civil remedy does not rise to the level of 'punishment' merely because Congress provided for civil recovery in excess of the Government's damages." *Id.* at 1898. The process of assessing a sanction that compensates the government for all its costs inevitably involves an element of rough justice; thus, punishment will be found only rarely. *Id.* at 1902.

The government did not produce specific evidence of its expenses in this case; the district court, however, took judicial notice of the financial burden associated with maintaining check points and administering the customs system. This is the same burden used by the Supreme Court to justify forfeiture penalties. *See One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972) (forfeiture of undeclared item is reasonable form of liquidated damages, which serves to reimburse government for investigation and enforcement expenses). Therefore, we affirm the district court's finding that the civil penalty assessed against Walker bears a rational relationship to the government's costs.

## III

The district court correctly determined that the civil penalty assessed against Walker was not punishment for double jeopardy purposes.

AFFIRMED.

NOONAN, Circuit Judge, dissenting:

I am troubled by the measure that the court uses to determine if the $500 assessment bears a reasonable relation to the government's expense. The government maintains that the amount is trivial in light of the expense required to maintain a system of customs inspection. No doubt it is. But why should a pro rata share of the customs inspection system be a measure? There would be no customs inspection system without the Department of the Treasury. Should not a pro rata share of Treasury expense be the measure? There would be no Treasury without the government as a whole. Should not a pro rata share of the expense of the government as a whole be the measure? These questions suggest how a pro rata share of the actual expense of setting up the structure which led to Walker's detection could lead to the justification of astronomical fines. $500 is trivial in relation to a pro rata share of the expense of the Treasury or the government; so are $5,000 or $50,000 or $500,000. In short, pro rata share of the expense gives the government an essentially arbitrary choice as to the system whose expense is shared and a virtual blank check as to the amount it can assess. Such unlimited discretion to determine the amount that may be imposed points to the punitive rather than the compensatory character of the fine assessed. *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989) requires reversal of Walker's conviction.

I respectfully dissent.