5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul R. DAVIDS, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 93-70009.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul R. Davids petitions for review of the National Transportation Safety Board's ("NTSB") order upholding the Federal Aviation Administration's ("FAA") order revoking his commercial pilot's certificate pursuant to section 609(c) of the Federal Aviation Act, 49 U.S.C. App. Sec. 1429(c), based on Davids's narcotics conviction. Davids contends the FAA's revocation of his pilot's certificate violated the Double Jeopardy Clause of the Fifth Amendment. We have jurisdiction to review the NTSB's order. 49 U.S.C. Sec. 1486(a). We uphold an agency's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(A). We review de novo purely legal questions. Essery v. NTSB, 857 F.2d 1286, 1288 (9th Cir.1988). We deny the petition for review.
 
 
 3
 In April 1988, Davids pleaded guilty to violating 21 U.S.C. Sec. 963 (conspiracy to possess marijuana for distribution) and was sentenced to three years in prison. On July 25, 1989, the FAA revoked Davids's pilot's certificate pursuant to Federal Aviation Regulations ("FAR") Sec. 61.15(a) and 49 U.S.C.App. Sec. 1429(c), on the basis that Davids's narcotic offense involved an aircraft.[1] Following an administrative hearing on September 12, 1990, the administrative law judge ("ALJ") affirmed the FAA's order of revocation. The NTSB affirmed the ALJ's order, rejecting Davids's claim that revocation of his certificate constituted punishment in violation of the Double Jeopardy Clause of the Fifth Amendment.
 
 
 4
 In his petition for review, Davids contends that under United States v. Halper, 490 U.S. 435 (1989), revocation of his certificate amounts to punishment in violation of the Double Jeopardy Clause. This contention lacks merit.
 
 
 5
 In Halper, the Supreme Court held that the Double Jeopardy Clause prohibits a defendant who was previously punished in a criminal prosecution from being subjected to additional civil sanctions where the sanctions constitute punishment. Id. at 448-49. "A civil penalty is punishment if it cannot fairly be said solely to serve a remedial purpose." United States v. Walker, 940 F.2d 442, 443 (9th Cir.1991).
 
 
 6
 Here, revocation of Davids's pilot's certificate serves the remedial purpose of protecting public safety. See Kolek v. Engen, 869 F.2d 1281, 1288 (9th Cir.1989); Walters v. McLucas, 597 F.2d 1230, 1232 (9th Cir.) (per curiam) (upholding revocation of pilot's license of individual convicted of possessing marijuana for sale, finding a "rational relation between a conviction for the possession of drugs for sale and the unsafe use of aircraft for drug smuggling"), cert. denied, 444 U.S. 932 (1979). Because revocation is remedial, it cannot be interpreted as punishment. See Walker, 940 F.2d at 444 (civil penalty bore rational relation to government's costs and did not constitute punishment for double jeopardy purposes). Accordingly, we determine that revocation of Davids's pilot's certificate does not violate the Double Jeopardy Clause.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 FAR Sec. 61.15 authorizes suspension or revocation of a pilot's certificate when the pilot is convicted of a crime related to narcotics distribution. 14 C.F.R. Sec. 61.15(a). Section 1429(c) provides that a pilot's certificate will be revoked when the certificate holder has been convicted of a federal or state crime punishable by a term exceeding one year relating to a controlled substance if an aircraft was used in the commission of the offense. 49 U.S.C.App. Sec. 1429(c)