CRAWLEY, Judge,
dissenting.
Crump, an ABC Board licensee, was prosecuted for the misdemeanor offense of selling an alcoholic beverage to a minor, a violation of § 28-3A-25(a)(3). She was acquitted. Then, the ABC Board instituted a civil proceeding against Crump. Instead of suspending or revoking her liquor license for up to a year, the Board fined her $1000 pursuant to § 28-3A-24(c). The majority holds that the Board’s action in fining Crump violated the Double Jeopardy Clause of the Fifth Amendment because the objective of the fine was punitive rather than remedial. I disagree.
The Alabama Supreme Court has already held that an ABC Board fine of $500 “is not excessive, and ... is rationally related to the State’s cost of regulating its licensees.” Bartlett II, 654 So.2d at 1154. Is a fine of double that amount excessive? I do not think so. Section 41-22-20(k) mandates that an agency order “shall be taken as just and reasonable,” and the fine here appears to me to be just and reasonable.
In Halper, the United States Supreme Court held that “the Legislature may draft statutes that demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis.” Halper, 490 U.S. at 446, 109 S.Ct. at 1900 (quoted in Bartlett II, 654 So.2d at 1153).
In Halper, a medical laboratory manager submitted 65 false Medicare claims for reimbursement, resulting in a total loss to the government of $585. Following Halper’s criminal conviction, the government filed a civil suit against him, seeking to recover a statutory penalty of $2000 for each of his 65 false claims, for a total of $130,000. The Supreme Court held that the civil sanction constituted a second punishment barred by principles of double jeopardy because it could not fairly be said to serve a remedial purpose. Emphasizing that it was announcing “a rule for the rare case,” the Halper Court determined that only when a civil sanction is “overwhelmingly disproportionate” to the damages caused by the offender does the civil penalty qualify as a second punishment. 490 U.S. at 451,109 S.Ct. at 1903.
The case before us is not “the rare case” described in Halper. It represents a relatively mild administrative sanction that does not even begin to implicate the Double Jeopardy Clause. The $1000 fine imposed here is remedial because it reduces the licensee’s incentive to engage in future illegal activities. Furthermore, the fine is less onerous to the liquor licensee than suspension or revocation of her license. The majority’s conclusion that the fine is punitive because it is termed a “penalty” by the applicable statute is unconvincing. Halper states unequivocally that “labels do not control in a double jeopardy inquiry.” Dep’t of Revenue of Montana v. Kurth Ranch, 511 U.S. 767,—, 114 S.Ct. 1937, 1946, 128 L.Ed.2d 767 (1994). “[A] so-called civil ‘penalty’ may be remedial in character.” Id. at—, 114 S.Ct. at 1945. See also, United States v. Furlett, 974 F.2d 839 (7th Cir.1992).
Although the ABC Board introduced no evidence of its “costs” — other than $8.50 for beer — in this ease, the Board could reasonably conclude that the expense of investigating and litigating this case approximated the fine imposed. “The process of affixing a sanction that compensates the Government for all its costs inevitably involves an element of rough justice.” Halper, 490 U.S. at 449, 109 S.Ct. at 1902. Moreover, the government need not produce specific evidence of its expenses; a factfinder can take judicial notice of the financial burden associated with administering a regulatory system. United States v. Walker, 940 F.2d 442, 444 (9th Cir.1991).
*140 The $1000 fine was essentially remedial in character, and it bore a rational relation to the goal of compensating the Board for its loss. Its imposition did not violate the principles of double jeopardy.