UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward McCLINTON, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas SANDERS, Defendant–Appellant.

Nos. 95–30148, 95–30169.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 1996.*

Decided Oct. 30, 1996.

---

1. 42 U.S.C. § 10602(c).

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Peter Offenbecher, Assistant Federal Public Defender, Seattle, WA, for defendants-appellants.

Barbara Sievers, Assistant United States Attorney, Seattle, WA, for plaintiff-appellee.

Before: BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Edward McClinton and Thomas Sanders were each charged with possession of small quantities of marijuana, which they had brought with them when they entered the United States. *See* 21 U.S.C. § 844. Each had been assessed a civil penalty at entry when the marijuana was discovered after they had failed to present it. *See* 19 U.S.C. § 1459. Each asserted that the Double Jeopardy Clause precluded a prosecution after imposition of the penalty. U.S. Const. amend. V. A magistrate judge accepted their argument and dismissed, but the district judge disagreed and reversed the magistrate judge's determination. They appealed, and we affirm.

## BACKGROUND

McClinton was stopped when he entered the United States at the port of entry at Blaine, Washington. He was sent to secondary inspection and a search revealed that he had 9.6 grams of marijuana. His failure to disclose that item resulted in his being assessed a civil penalty of $500, which the Customs Service imposes upon first time offenders. *See* 19 U.S.C. § 1459; Customs Directive No. 4410–010 (Zero Tolerance Guidelines and Procedures, Effective October 11, 1989).

Sanders was sent to secondary inspection when he entered the United States at the port of entry at Seattle–Tacoma International Airport in Washington. When he was searched, a container holding 8.5 grams of marijuana was found. His failure to disclose that item resulted in his being assessed a civil penalty of $1,000, which the Customs Service imposes on second time offenders.

Thereafter, criminal complaints for possession of marijuana were filed against them. *See* 21 U.S.C. § 844. They asserted that the prosecutions were barred by the Double Jeopardy Clause because the civil penalties had been assessed at the time of their entry into the United States. The district court did not agree.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

■ We review the district court's denial of the motion to dismiss on the grounds of double jeopardy *de novo*. *See United States v. Chick,* 61 F.3d 682, 686 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1416, 134 L.Ed.2d 542 (1996); *United States v. Yacoubian,* 24 F.3d 1, 3 (9th Cir.1994).

## DISCUSSION

■ We have previously rejected the assertion that the small Customs penalty, which is levied when a person fails to abide by the reporting requirements, precludes later criminal prosecution. *See United States v. Walker,* 940 F.2d 442, 443–44 (9th Cir. 1991). As we said in *Walker,* the $500 civil penalty "was not punishment for double jeopardy purposes." *Id.* at 444. That holding clearly forecloses the assertion made by McClinton that the $500 assessment against him precludes a later prosecution because it was punishment. As we said, quoting from *United States v. Halper,* 490 U.S. 435, 448, 109 S.Ct. 1892, 1901–02, 104 L.Ed.2d 487 (1989):

> "[T]he determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction *as applied in the individual case* serves the goals of punishment."

*Walker,* 940 F.2d at 443–44. We added:

> The Supreme Court has noted that "a civil remedy does not rise to the level of 'punishment' merely because Congress provided for civil recovery in excess of the Government's damages." The process of assessing a sanction that compensates the government for all its costs inevitably involves an element of rough justice; thus, punishment will be found only rarely.

*Id.* at 444 (citations omitted). We then found that the small Customs penalty did not run afoul of the rules and rise to the level of punishment. *Id.*

Sanders claims that because he was assessed $1,000 that, surely, must make his assessment a punishment. We do not agree. Our decision in *Walker* applies just as clearly to a $1,000 civil penalty as it does to a $500 civil penalty. Beyond that, *Halper* itself indicated that no exact determination of government costs is needed, for the determination is unavoidably imprecise and "inevitably involves an element of rough justice." 490 U.S. at 449, 109 S.Ct. at 1902. Indeed, the concern of the Court in that case was that a multiplication of a large number of civil penalties could add up to punishment in a particular case.

In *Halper,* the government sought $2,000 plus double damages for each of 65 separate false claims. The overcharge in each of those claims was about $9. *Id.* at 437–38, 109 S.Ct. at 1895–96. But the Court was not concerned at all about the fact that a mere $9 overcharge could draw a $2,000 penalty plus $18. It took that to be rationally related to making the government whole. In fact, lest it be misunderstood, the Court added:

> It hardly seems necessary to state that a suit under the Act alleging one or two false claims would satisfy the rational-relationship requirement. It is only when a sizeable number of false claims is present that, as a practical matter, the issue of double jeopardy may arise.

*Id.* at 451 n. 12, 109 S.Ct. at 1903 n. 12. In other words, the Court meant what it said when it said that the rule it was announcing was "a rule for the rare case." *Id.* at 449, 109 S.Ct. at 1902. This case is not that rarity. Of course, this is not to say that a single penalty can never be so "overwhelmingly disproportionate" that it constitutes punishment for double jeopardy purposes. *Id.* Again, this is not that case.

But McClinton and Sanders argue that we must revisit and overrule *Walker* because the Supreme Court has now moved beyond *Halper* and both refined and extended it. They cite two cases for that proposition: *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), and *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In that they are mistaken. In *Kurth Ranch* the Court was dealing with a punitive tax statute and it pointed out that the *Halper* approach

was simply not relevant when a tax statute was under consideration. 511 U.S. at ——, 114 S.Ct. at 1948. *Austin* is also distinguishable because the Court was not dealing with double jeopardy issues. *Austin* was an Eighth Amendment excessive fines case, and the Court was alive to the differences between "small, fixed-penalty" provisions and forfeitures. 509 U.S. at 622 n. 14, 113 S.Ct. at 2812 n. 14. Were there any doubt about the need to treat these cases separately and avoid mixing their analyses of issues, that has now been dispelled. *See United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

In *Ursery* the Court took pains to point out that we cannot mix and match bits and pieces of the three cases. It said that *Halper* was a fixed-penalty case and its "narrow focus" was limited to that kind of situation. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2144. *Austin,* it said, was an excessive fines Eighth Amendment case whose "categorical approach" was wholly distinct from the *Halper* approach. *Id.* at ——, 116 S.Ct. at 2146. And *Kurth Ranch* was a tax case for which the analysis was, again, quite distinct from that of *Halper. Id.* at ——, 116 S.Ct. at 2146. Thus, to conflate the analyses contained in these three disparate cases is to misread them. *Id.* at ——, 116 S.Ct. at 2144. In short, neither *Austin* nor *Kurth Ranch* undermines *Halper.* By the same token, neither undermines *Walker.*

## CONCLUSION

■ Given the rather protean nature of the law in this area, we cannot say that either *Halper* or *Walker* is amaranthine. However, we can say that they have not yet lost their force. In fine, a civil customs penalty could get so large that it would amount to punishment, but the small civil penalties imposed upon McClinton and Sanders were not punishments. They do not preclude these prosecutions.

AFFIRMED.