**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LEE ROHN, Defendant**

GOVERNMENT OF THE VIRGIN ISLANDS v. ROHN

Criminal No. 113/2003

Territorial Court of the Virgin Islands

Division of St. Croix

November 9, 2004

47

CHARLOTTE POOLE-DAVIS, ESQ., Acting Chief Criminal Division, Department of Justice, Christiansted, St. Croix, U.S. Virgin Islands, *Counsel for Government*.

GORDON C. RHEA, ESQ., Christiansted, St. Croix, U.S. Virgin Islands, *Counsel for Defendant*.

DONOHUE, *Judge*

## MEMORANDUM OPINION

(November 9, 2004)

THIS MATTER is before the Court on Defendant's Motion to Dismiss the Information on the grounds of double jeopardy and legal insufficiency and the Government's opposition thereto. The issues before

48

this Court to determine are (1) whether the civil penalty assessed against the defendant pursuant to Title 19 U.S.C. § 1459 constitutes punishment; (2) whether the Territory of the Virgin Islands may prosecute the defendant for this offense; and (3) whether the Information charging the defendant is legally sufficient. For the following reasons, the Court will deny Defendant's Motion.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

The defendant in this case, Criminal No. 113/2003, is charged with Possession of a Controlled Substance with Intent to Distribute. The charge stems from an incident on or about March 29, 2003 at the Henry E. Rohlsen International Airport, St. Croix, USVI, when during a routine inspection, a U.S. Customs agent discovered a substance believed to be marijuana inside the luggage of the defendant. When questioned, the defendant allegedly told a U.S. Customs Inspector that she was taking the marijuana to her boyfriend in Puerto because his father was dying and he needed something to help him get through it.[1] Because she had failed to list the marijuana on her customs declaration form, the defendant was assessed a penalty pursuant to 19 U.S.C. § 1459. The Information filed on April 4, 2003 charged the defendant with possession of a controlled substance with intent to distribute in violation of Title 19 V.I.C. § 604(a).[2]

Defendant filed the instant Motion to Dismiss the Information on April 11, 2003. In Defendant's Motion to Dismiss, she argues that the Information and the charges against her violate the Double Jeopardy Clause of the U.S. Constitution and the Bill of Rights of the Revised Organic Act by placing her in jeopardy of being punished twice for the same offense.[3]

---

[1] Affidavit of Officer Christopher Howell, Police Detective with the Virgin Islands Police Department, DEA, High Intensity Drug Trafficking Area Task Force.

[2] Title 19 V.I.C. § 604(a) provides in pertinent part:

(a) [I]t shall be unlawful for any person knowingly or intentionally
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...

[3] The Fifth Amendment to the United States Constitution provides in pertinent part:

... nor shall any person be subject for the same offence (sic) to be twice put in jeopardy of life or limb.

Section 3 of the Revised Organic Act of 1954 provides in pertinent part that:

... no person for the same offense shall be twice put in jeopardy of punishment.

The defendant also claims that she was assessed a penalty by the United States government, and that the Territory of the Virgin Islands, as an agency of the federal government and lacking the inherent sovereign power of a state, cannot subsequently file charges against her for this offense. She argues that because the penalty was the functional equivalent of a criminal punishment, jeopardy attached at the time she paid it. Therefore, she further argues, subsequent prosecution of this same offense constitutes double jeopardy.

## DISCUSSION

### Has the defendant been placed in Double Jeopardy by the charges brought against her in this case?

The Double Jeopardy Clause of the Fifth Amendment provides that "no person [shall] be subject for the same offence (sic) to be twice put in jeopardy of life or limb." U.S. CONST. amend. 5. The Amendment provides three different forms of protection: 1) protection against being prosecuted again for the same offense after an acquittal; 2) protection against being prosecuted again for the same offense after conviction; and 3) protection against being punished more than once for the same offense.[4] The defendant argues that the third protection has been violated by the charges brought against her in this case because she has already been punished by the civil penalty assessed against her by U.S. Customs on March 29, 2003 at Henry E. Rohlson Airport.

The Defendant has not been exposed to double jeopardy because the two "punishments" she alleges have been brought against her do not contain the same elements and are not for the same offense. Absent being punished for the same offense, there can be no double jeopardy. It is most important to note that the violation of Title 19 U.S.C. § 1459 requires an individual to "report to the designated customs facility with all articles accompanying them." Compliance with the provision is required, and persons failing to do so are liable for a civil penalty of $5,000 for the first violation and $10,000 for each subsequent violation. The civil penalty was assessed against the defendant because she

---

[4]    *See* e.g. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S. Ct. 2260, 2264, 65 L. Ed. 2d 228, 235 (1980); *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1989); *Schiro v. Farley*, 510 U.S. 222, 127 L. Ed. 2d 47, 114 S. Ct. 783, 789 (1994).

allegedly failed to report an item accompanying her on a reported conveyance in violation of Title 19 U.S.C. § 1459. The statute does not deal with any element of the offense with which the defendant is charged under Title 19 V.I.C. § 604(a), Possession of a Controlled Substance with Intent to Distribute. There is no mention in this provision of controlled substances, possession, or distribution. **Any** item that a person fails to report is subject to the same penalty.

■ The Government of the Virgin Islands has charged the defendant with Possession of a Controlled Substance with Intent to Distribute, in violation of Title 19 V.I.C. 604(a). This statute does not address the failure to report an item to a customs agent upon entry into the United States. The two provisions in question are distinct; one is a definite criminal offense and the other, a civil violation, whose perpetrator may or may not have an underlying criminal objective. As such, jeopardy did not attach when Defendant signed the Agreement to Pay Penalty pursuant to 19 U.S.C. § 1459. Subsequent prosecution by the Government of the Virgin Islands for Possession of a Controlled Substance with Intent to Distribute in violation of a Virgin Islands statute does not place the defendant in double jeopardy.

## Does The Civil Penalty Assessed Against The Defendant Constitute Punishment?

The Supreme Court in *Hudson v. United States*, 522 U.S. 93, 139 L. Ed. 2d 450, 118 S. Ct. 488 (1997), set forth a two-part standard to determine whether a particular sanction constitutes punishment. First, a court must determine whether the legislature in enacting the penalizing mechanism in question indicated either expressly or impliedly a preference for a civil or a criminal sanction.[5] Where it seems that the legislature has indicated an intention to establish a civil penalty, a court should then inquire "whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty."[6]

The Defendant first argues in her Motion to Dismiss that she was assessed a penalty under Title 19 U.S.C. § 1497, and that Congress did not explicitly label the penalty provided under that statute as either

---

[5]    *Hudson, supra* at 93, 99, (quoting *U.S. v. Ward*, 448 U.S., at 242, 248 (1980)).

[6]    *Id.; Rex Trailer Co. v. U.S.*, 350 U.S. 148, 154 (1956).

criminal or civil. On the "Collection Receipt or Informal Entry" the customs agent cited "Zero tolerance: 19 U.S.C. 1497. $5,000 penalty mitigated to $500." This document is handwritten. Defendant also signed an "Agreement to Pay Penalty", a pre-printed form, which states that she was being assessed a personal penalty of $500 pursuant to the provision of Title 19, U.S.C. 1459 for failure to declare the controlled substance. At oral arguments, Defendant's counsel argued that handwritten forms are generally preferred over preprinted forms, therefore, the handwritten receipt, which cites 19 U.S.C. 1497 demonstrates that this is the provision under which the penalty was assessed against the defendant. There is evidence from both documents that the defendant was assessed a penalty under Title 19 U.S.C. § 1459.[7] This Court finds that this agreement was the first document issued to the defendant, or there would have been no need to issue a receipt. Defendant signed this document on March 29, 2003 and included it as an attachment to her Motion to Dismiss, indicating that she is aware of the provision under which the penalty falls.[8] It is Defendant's signature on this document that indicates her agreement to pay the penalty that she alleges was the punishment assessed against her. The fine on the receipt issued to the defendant is consistent with the provisions of 19 U.S.C. 1459. The statute provides for a civil penalty of $5,000 for the first violation, and $10,000 for each subsequent violation. Nowhere in 19 U.S.C. 1497 does it state that persons who violate the provision are liable for a $5,000 penalty.[9]

---

[7]   Title 19 U.S.C. § 1459 provides in pertinent part

   (b) ... [P]assengers and crew members aboard a conveyance the arrival in the United States of which was made or reported....shall immediately report to the designated customs facility with all articles accompanying them.

   (e)   It is unlawful

      (1)   to present any forged, altered, or false document or paper to a customs officer ... without revealing the facts;

   (f)   Civil Penalty

   Any individual who violates any provision of subsection (e) of this section is liable for a civil penalty of $5,000 for the first violation ...

[8]   Def. Mot. to Dismiss, Ex. B, "Agreement to Pay Penalty".

[9]   19 U.S.C. 1497(a)(2) provides for a fine in the amount equal to one thousand (1,000) percent of the value of any article that is a controlled substance, however, there is no evidence that the customs agents made a determination of the value of the marijuana in the defendant's luggage that was multiplied in order to reach the $5,000 penalty, which was mitigated to $500.

Therefore, 19 U.S.C. 1459 is the statute pursuant to which the penalty was assessed against Defendant.

The Supreme Court said in *Helvering v. U.S.*, 303 U.S. 391, 402, 58 S. Ct. 630, 634, 635, 82 L. Ed. 917, 924 (1938), that where civil procedure is prescribed for the enforcement of remedial sanctions, the constitutional rules and guaranties governing the trial of criminal prosecutions do not apply. Congress has established a civil procedure to enforce the penalty authorized under Title 19 U.S.C. § 1459. First, Congress conferred upon an administrative agency (U.S. Customs) the authority to determine the facts upon which liability under the statute may be based. This is prima facie evidence that Congress intended to provide for a civil sanction.[10] Further, an individual who is assessed a penalty under Chapter 4 of the Tariff Act of 1930[11] has administrative petitioning rights under Title 19 U.S.C. § 1618 and does not waive those rights by signing the Agreement to Pay Penalty.[12]

The statute makes two types of penalties available, which are separately enumerated and explicitly labeled in Section 1459.[13] The express provision for "civil" monetary penalties for violating the provisions of Section 1459 is separate and distinct from the criminal penalty the same statute authorizes.[14] This further indicates that Congress did not intend for the civil remedy to be a criminal penalty.

■ "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty."[15] Because of the considerable evidence that this provision was intended by Congress to be civil in nature, the "clearest proof" standard required to find that the civil penalty has been transformed into a criminal penalty is not met.[16]

■ "Even in those cases where the legislature 'has indicated an intention to establish a civil penalty,' [courts] have inquired further

---

[10]     *Hudson, supra* at 103.

[11]     Title 19 U.S.C. § 1459 falls under Chapter 4, Tariff Act of 1930.

[12]     Def. Mot. to Dismiss, Ex. B., "Agreement to Pay Penalty".

[13]     *Id.*

[14]     Title 19 U.S.C. § 1459(f) authorizes U.S. Customs to impose a civil monetary penalty; Section 1459(g) allows for a criminal penalty to be assessed in addition to the civil penalty.

[15]     *Hudson, supra* at 100.

[16]     See *id.*

whether the statutory scheme was so punitive ... in [its] purpose or effect as to transform the civil remedy into a criminal penalty."[17] Courts can make this determination by using the seven factors listed in *Kennedy v. Mendoza-Martinez* as a guide. The seven factors are: (1) whether the sanction involves an affirmative disability or restraint, (2) whether it has historically been regarded as a punishment, (3) whether it comes into play only on a finding of scienter, (4) whether its operation will promote the traditional aims of punishment, retribution and deterrence (5) whether the behavior to which it applies is already a crime (Congress can enact civil AND criminal penalties), (6) whether an alternative purpose to which it may rationally be connected is assignable for it, and (7) whether it appears excessive in relation to the alternative purpose assigned.[18]

The Court disagrees that the civil penalty authorized by Title 19 U.S.C. § 1459 "[is] so punitive in form and effect as to render [it] criminal despite Congress' intent to the contrary".[19] Defendant argues that the statutory scheme involves affirmative disability or restraint because she was not free to leave the customs facility during the assessment of the penalty and would have been detained upon future entries into the United States. This provision of the statute requires all individuals entering the United States to report to a designated customs facility and makes it unlawful for any person required to report to leave the area without being authorized to do so by a customs agent. This requirement to wait to be cleared to depart the customs facility does not equate to a custodial situation in which a person being questioned prior to an official arrest does not feel free to leave, thereby triggering Fifth Amendment·protection. Individuals waiting to be cleared by customs agents are not necessarily suspected of involvement in criminal activity. Although one or more individuals waiting may be guilty of committing a crime, that possibility does not make this procedure an affirmative restraint. After discovery of an undeclared item, any further detention is not triggered because the article the individual failed to declare is an illegal substance, but rather because that article was not declared. There

---

[17]    *Id. at 99*, (quoting *Rex Trailer Co. v. United States*, 350 U.S. 148, 154, 76 S. Ct. 219, 222, 100 L. Ed. 149 (1956).

[18]    *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-169, 9 L. Ed. 2d 644, 83 S. Ct. 554, 567-568 (1963).

[19]    *See Hudson, supra at 104* (quoting *United States v. Ursery*, 518 U.S. 267, 290 (1996).

is no affirmative disability or restraint brought into question by this provision.

This type of monetary civil penalty has not been historically regarded as a punishment, and, further, does not require a finding of scienter. Title 19 U.S.C. § 1459(f) allows for the assessment of a penalty against any person "who violates" the provision of the statute. Only the criminal penalty authorized by Section 1459(g) requires that the violator "intentionally" violate any provision. The civil penalty can be imposed without regard to the violator's state of mind and even in the absence of bad faith.[20]

Even though the conduct for which the Customs sanctions are imposed is also criminal in nature with regard to controlled substances, that is insufficient to render the money penalties sanctions criminally punitive.[21] The fact is that the penalty in question is not necessarily imposed because an individual has committed a crime, but rather, because he did not report or submit for inspection all articles accompanying them. To classify such civil sanctions "criminal" for purposes of double jeopardy would undermine the Government's ability to engage in effective regulation of many of its institutions.[22]

One purpose of Title 19 U.S.C. 1459 is to prevent the entry of illegal and controlled substances from entering the United States. One way to achieve this purpose is forfeiture of the substances, however, this purpose may be achieved by other means as well. Although, imposing monetary penalties and sanctions will inevitably deter individuals from engaging in the prohibited conduct, the mere presence of this purpose is insufficient to render a sanction criminal, as deterrence "may serve civil as well as criminal goals."[23] It is also true that the civil penalty serves the non-deterrent purpose of compensating the government for its costs involved with maintaining the checkpoints and administering the customs system.[24] The penalty does bear a rational relationship to these government costs.

---

[20] *Id.*

[21] *See id. at 105* (quoting *Ursery*, 518 U.S. at 292).

[22] *Id.*

[23] *Id.*

[24] *See United States v. Walker*, 940 F.2d 442, 444 (1991) and *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 237, 34 L. Ed. 2d 438, 93 S. Ct. 489 (1972).

Defendant contends that the penalty provided for in the statute appears excessive in relationship to any potential non-punitive purpose. Therefore, she continues, "it cannot be characterized as remedial in any sense, but only as a deterrent or retribution."[25] The Supreme Court has already noted that, a civil remedy does not rise to the level of 'punishment' simply because Congress has provided for a civil recovery that may exceed the Government's damages. Therefore, punishment will be found only rarely as "the process of assessing a sanction that compensates the government for all its costs inevitably involves an element of rough justice."[26]

## May The Territorial Government Of The Virgin Islands Prosecute The Defendant After The Federal Government Has Assessed A Penalty Against Her?

This Court does not reach the issue of whether the Territorial Government of the Virgin Islands is an agency of the United States federal government. The Court finds that the statute pursuant to which the penalty was assessed against the defendant is civil in nature and was not punishment for purposes of double jeopardy. Furthermore, because the penalty was assessed against the defendant under a statute that contains none of the elements of the charged offense, there can be no double jeopardy in this case. Therefore, even if the Territory is an agency of the federal government, it is not barred from bringing criminal charges against the defendant for the same conduct.[27]

## Is The Information Legally Sufficient?

The defendant argues that because the government alleges that she has violated Virgin Islands law by "distributing a small amount of marijuana for no remuneration", she has been improperly charged under Title 19 V.I.C. 604(a). She claims that under 19 V.I.C. § 604(b)(4), she

---

[25] Defendant's Motion to Dismiss, p. 16.

[26] *Walker*, 940 F.2d 442 at 444 (quoting *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989).

[27] *See* e.g., *U.S. v. Rice*, 919 F. Supp 183, 34 V.I. 249 (1996) holding that although the United States and the U.S. Army are the same sovereign, Defendant's administrative discharge by the U.S. Army was not the "functional equivalent" of a criminal prosecution, therefore, not a bar to subsequent criminal prosecution.

should have only been charged with misdemeanor simple possession.[28] This statute carries a maximum penalty of imprisonment of no more than one year, a fine of not more than $5,000, or both or probation not to exceed one year for persons who have not previously been convicted of violating other provisions of the chapter.[29] The problem with Defendant's argument is that both Title 19 V.I.C. 604(b)(4) and Title 19 V.I.C. 607(a) & (b) are penalty provisions that are triggered only upon a conviction or guilty plea. Neither provision sets forth the elements of the crime of misdemeanor simple possession or any other offense. Further, as the Government has noted in its Opposition to Defendant's Motion, § 604(b)(4) deals specifically with the offense of "distribution" and makes no mention of the crime of "possession with intent to distribute", which is a separate prosecutable offense whose penalty is set forth in § 604(b)(1)(B). Under § 604(a)(1), a person can be charged with six separate offenses.[30] The government is not relegated to choosing only one offense enumerated in the subsection with which to prosecute a defendant. Therefore, the defendant could conceivably be charged with distributing a controlled substance and with possession with intent to distribute a controlled substance in the same Information. The crime of distributing a controlled substance is not at issue in this case as the Government has not charged the defendant with this offense.

Defendant also alleges that the Affidavit attached to the Information contains certain "factual contentions" that support, at best, a misdemeanor charge under § 607. They are that: (1) The marijuana had a gross weight of 13.3 grams and (2) [The Defendant] told a U.S. Customs Inspector that she was taking the marijuana to her boyfriend in Puerto Rico because his father was dying and he needed something to help him get through it.[31] Although both contentions may be factual, it is clear that number (2) merely reflects a quotation of the statements that Defendant

---

[28] Title 19 V.I.C. 604(b)(4) provides in pertinent part:
Notwithstanding paragraph (1)(B) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in subsections (a) and (b) of section 607 of this chapter.

[29] Title 19 V.I.C. § 607 (a) and (b).

[30] (1) Manufacturing a controlled substance, (2) Distributing a controlled substance, (3) Dispensing a controlled substance (4) Possessing a controlled substance with intent to manufacture, (5) Possessing a controlled substance with intent to distribute, and (6) Possessing a controlled substance with intent to dispense.

[31] Defendant's Motion to Dismiss, p. 32.

made to the Customs agent at the time the substance was discovered. It does not suggest what the officer himself believes to be a fact.[32] Whether the amount recovered was "a small amount of marihuana (sic) to be distributed for no remuneration" is an issue reserved for the jury, the finder of fact in this case.

## CONCLUSION

The defendant in this case has not been placed in double jeopardy. First and foremost, the elements comprising the crime with which she is charged are not the same as those comprising the violation of Title 19 U.S.C. § 1459. Accordingly, she is not in jeopardy of being punished twice for the **same offense**. Further, the penalty assessed against the defendant pursuant to Title 19 U.S.C. § 1459 was intended by the legislature to be a civil penalty and does not rise to the level of a punishment. "An accused must suffer jeopardy before he can suffer double jeopardy."[33] Because Defendant has not yet been punished once, there is no danger of her being punished twice by the charges brought against her or allegations of the Information.

The Information is sufficient in that the defendant has been properly charged under 19 V.I.C. 604(a). Charging Defendant under 19 V.I.C. 604(b)(4), which the defendant claims the Government should have done, would have been improper as that statute is a penalty provision, triggered only after a conviction or a plea of guilty. Accordingly, Defendant's Motion to Dismiss is denied.

An appropriate order will be entered.

---

[32] Affidavit of Officer Christopher Howell.

(5) Lee ROHN told a U.S. Customs Inspector that she was taking the marijuana to her boyfriend in Puerto Rico because his father was dying and he needed something to help him get through it. The Inspector informed Ms. ROHN that the Bureau of Customs and Border Protection had a zero tolerance policy. Ms. ROHN replied that she was not concerned because it was a misdemeanor. The Inspector informed Ms. ROHN that it was not a misdemeanor but a felony.

[33] *United States v. Rice*, 919 F. Supp. 183, 187, 34 V.I. 249 (D.V.I. 1996) (quoting *Serfass v. United States*, 420 U.S. 377, 393, 95 S. Ct. 1055, 1065, 43 L. Ed. 2d 265 (1975)).